HOLMES, Judge.
The husband filed a petition in the Circuit Court of Mobile County requesting a termination of the wife’s periodic alimony. After an ore tenus hearing, the trial court refused to terminate the wife’s alimony.
The husband appeals and we affirm.
The husband’s petition was filed pursuant to § 30-2-55, Code of Ala.1975 (1979 Cum. Supp.). This section in pertinent part is as follows:
Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex....
The dispositive issue on appeal is whether the evidence supports the trial court’s conclusion the wife was not “living openly or cohabiting with a member of the opposite sex” within the meaning of the statute. Put another way, did the trial court abuse its discretion in finding the wife did not fall within the purview of the above quoted code section.
Viewing the record with the attendant presumption accorded the trial court’s decree, we find the following pertinent facts.
The husband in 1977 was ordered to pay the wife $550 per month periodic alimony. Thereafter, a former husband of the wife moved into the home of the wife. The wife is sixty-one years of age; the former husband is seventy years of age.
The wife had a tenant residing in the house at the time the former husband moved into the house. There was testimony that the former husband had been recently released from a Veterans Administration hospital, is in ill health, and he had no place to reside after this release from the hospital. Additionally, the record reveals the former husband is a rent paying tenant in the home of his ex wife; that he has a separate bedroom from that of the wife and, further, that he has no romantic interest in his ex wife.
This court has on four occasions within the past sixteen months addressed the question presented by the dispositive issue.
We do not deem it necessary or prudent to restate what we have previously written. We refer interested parties to Blackwell v. Blackwell, Ala.Civ.App., 383 So.2d 196 (1980); Ivey v. Ivey, Ala.Civ.App., 378 So.2d 1151 (1979); Parish v. Parish, Ala.Civ.App., 374 So.2d 348, cert. denied, Ala.Civ.App., 374 So.2d 351 (1979); Atkinson v. Atkinson, Ala.Civ.App., 372 So.2d 1106 (1979).
Suffice it to say the above stated facts clearly support the learned trial judge’s conclusion that the wife’s conduct did not fall within the ambit of the statute in question. In fact, it is difficult to see how any other conclusion could have been arrived at by the trial court.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.