The Circuit Court of Jefferson County terminated the wife's periodic alimony and found the husband not in arrears regarding child support. The wife appeals and we affirm.
The wife filed a petition for rule nisi alleging noncompliance with the divorce decree. She alleged that the husband failed to pay child support of $200 per month from August, 1977, until June 26, 1978, the date the only child of the parties reached the age of nineteen.
The wife further alleged the husband failed to pay periodic alimony of $500 per month from August, 1977, until the date of the hearing, October 26, 1978.
In response thereto, the husband filed a motion to dismiss, an answer, and a petition to modify. The first of these pleadings alleged that the child became self-supporting and/or legally emancipated on or about August 1, 1977. The husband also contended that the child support obligation was fulfilled by direct payments to the child. In his petition to modify, the husband stated the wife was living openly and notoriously with a member of the opposite sex, thereby justifying a termination of alimony under § 30-2-55, Code of Ala. 1975 (1978 Cum.Supp.).
The dispositive issues before this court are:
(1) Did the trial court err in terminating the periodic alimony pursuant to the above referenced statute?
(2) Is there evidence to support the trial court's conclusion that the minor child was self-supporting and/or that the husband had in fact paid support money directly to the child?
(3) Did the trial court commit reversible error in refusing to admit into evidence two letters to the wife's attorney from the sponsor of § 30-2-55, Code of Ala. 1975 (1978 Cum.Supp.), said letters purporting to give the "legislative history" or intent of said statute?
 I
Section 30-2-55, Code of Ala. 1975 (1978 Cum.Supp.), is as follows:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
At the outset, we note that there is presently no reported appellate decision interpreting that part of the statute at issue in this case. Therefore, we construe the words of this legislation in accord with the legislature's intent in its enactment. Tillman v. Sibbles, Ala., 341 So.2d 686 (1977).
Appellant-wife's basic contention is that in fulfilling this judicial function we must construe the phrase "living openly or cohabiting with a member of the opposite sex" to require a showing that the offending spouse has entered into a common-law matrimonial relationship. We do not agree with the wife's position.
In giving this statute a rational, sensible construction,Dixie Coaches v. Ramsden, 238 Ala. 285, 190 So. 92 (1939), we find the legislature intended to strike a balance between the occasional brief sojourn and the common-law marriage. Thus, while not every occurrence of post-marital unchastity by a former spouse will bar the right to alimony, O'Dell v. O'Dell,57 Ala. App. 185, 326 So.2d 747 (1976); Rubisoff v. Rubisoff,242 Miss. 225, 133 So.2d 534 (1961), a petitioner need not prove the former spouse is habitually living with another and that the couple consider themselves married. See, e.g., N YDom. Rel.Law § 248 (McKinney 1977); Northrup v. Northrup,43 N.Y.2d 566, 402 N.Y.S.2d 997, 373 N.E.2d 1221 (1978). The question *Page 350 
of whether the petitioner under this statute has met the burden of proof is ultimately a question of fact.
In the instant case the trial court had before it ample evidence to justify the termination of alimony. There was testimony to the effect that the wife lived in the residence of one John Spearman from August of 1977 until and including the day of the hearing on the matter, October 26, 1978. Cancelled checks were introduced which tended to show Spearman made considerable contributions to or for the benefit of the wife, including paying her creditors and buying her clothing. Furthermore, although the evidence was in dispute, there was testimony to the effect that both the wife and Mr. Spearman stopped seeing members of the opposite sex upon her moving in and that they shared the same bed.
It is well settled in Alabama that a judgment or decree entered by a trial court after the hearing of testimony is presumed correct and will be reversed on appeal only if, after consideration of all the evidence and the reasonable inferences drawn therefrom, the appellate court concludes that it is plainly and palpably wrong. 2A Ala. Digest, Appeal Error, 931 (1). Additionally, when the learned trial judge makes factual determinations based upon the evidence as adduced and finds the petitioner has met the burden of proof, it is inappropriate for this court to substitute its judgment for that of the trial judge. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
On this issue, the trial court was not plainly or palpably wrong, and we are therefore not prepared to substitute our judgment for that which was rendered below.
Finally, although the propriety of applying § 30-2-55
retroactively is not an issue, we would note this court has dealt with that question in a recent case involving a former spouse's actual remarriage. In Little v. Little, Ala.Civ.App.,368 So.2d 293 (1979), we held the statute is not to be applied retroactively to "events" occurring prior to its effective date, April 27, 1978.
In reaffirming that position today and applying it to the instant appeal, we observe the "events" of living openly or cohabiting with a member of the opposite sex occurred prior to, on, and after the statute's effective date. We therefore find the trial judge was correct in his application of § 30-2-55.
 II
The wife, as we perceive her argument, maintains the trial court committed reversible error in its determination that the child was fully employed and self-supporting from August, 1977, until the date of his nineteenth birthday.
Once again, reviewing the record with the attendant presumption of correctness, we find no error. The son testified he moved out of the Spearman residence in August of 1977. He stated he has been employed since that date and has retained all his earnings. In fact, he purchased a house in conjunction with a friend, receiving some assistance from the husband.
Under these facts, we are not prepared to say the trial judge was plainly and palpably wrong in his determination that the son was emancipated. See 2A Ala. Digest, Appeal Error 931 (1).
The wife further contends it was error for the court to admit uncontroverted evidence to the effect that in August of 1977, the husband began making payments directly to the son as well as to his various creditors. This position is bottomed on the fact that prior to the hearing, the husband made a Rule 36 CRCP admission that he "paid to petitioner [wife] no child support since August, 1977."
There was clearly no error here. While the husband was bound by the admission, this in no way foreclosed his right to offer evidence concerning payments made to the son or to his son's creditors.
The trial court considered both that the son was self-supporting and that the husband had been making the above referenced payments in granting him full credit for the *Page 351 
alleged arrearage in child support. Under our recent decision of Nabors v. Nabors, Ala.Civ.App., 354 So.2d 277 (1978), this was a correct application of the law to the facts.
In Nabors, supra, the husband ceased making periodic payments when his children came to live with him. He did not recommence payments when they moved out and became self-supporting. We held the wife could not recover payments for the period in which the father supported the children nor for when they supported themselves. We further held that "The husband, however, is given credit for those periods in which he . . . supports the child or in which the child is self supporting."Nabors v. Nabors, supra, at 279.
Under the above rule, there was no error.
 III
As indicated above, the trial judge refused to admit two letters written to the wife's attorney by the sponsor of §30-2-55, Code of Ala. 1975 (1978 Cum.Supp.). The wife claims that these were admissible as part of the "legislative history" of the statute.
While it is true the courts often look to legislative history when faced with statutes ambiguous on their face "when themeaning of the statutory words is in doubt", Schwegmann Bros.v. Calvert Distillers Corp., 341 U.S. 384, 394-395,71 S.Ct. 745, 751, 95 L.Ed. 1035 (1951) (emphasis supplied), the wife cites no authority, and our research reveals none, to justify the inclusion of such private correspondence within the meaning and scope of "legislative history." We therefore conclude that the trial court was correct in excluding these letters under the hearsay rule.
Furthermore, as the words of the statute are not of such doubtful certainty as to justify looking to the legislative history in the first instance, any possible error in excluding the letters is without injury to the wife under Rule 45, ARAP. The judgment is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.