The Circuit Court of Dale County reduced the amount of periodic alimony the husband was required to pay. The husband appeals contending that the trial court erred to reversal in refusing to terminate periodic alimony.
The husband, through able counsel, contends that § 30-2-55, Code of Ala. 1975 (Cum.Supp. 1978), mandates that in this instance the periodic alimony must be terminated. We disagree and affirm.
Section 30-2-55, Code of Ala. 1975 (Cum.Supp. 1978), is as follows:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
Specifically, the husband argues that the evidence shows the wife is "living openly or cohabiting with a member of the opposite sex."
We have carefully reviewed the record and there is evidence that the wife for a period of six months lived openly or cohabited with one Ben Miller. There is testimony that Miller's clothes, tools, saws, and other personal property were moved into the wife's house. Furthermore, there is evidence that Miller ate his meals in the home; that his laundry was done there; and that he performed a few chores around the home including cutting the grass.
However, this matter was heard ore tenus by the trial judge and there is evidence from the wife that Miller only resided in her home for three weeks. This testimony was corroborated by that of the next door neighbor. Based upon these facts, the court was not convinced that the wife's conduct, though less than exemplary, was such to constitute open and notorious cohabitation as to forfeit the right to alimony under §30-2-55.
There are no reported appellate decisions interpreting §30-2-55. Our function, therefore, is to construe the legislation in accord with the legislature's intent in this enactment. Tillman v. Sibbles, Ala., 341 So.2d 686 (1977).
The language of the statute requires the petitioner who invokes its provisions to convincingly prove that a former spouse is living openly or cohabiting with a member of the opposite sex. This is a factual determination and where, as here, the trial court hears the testimony and finds the petitioner has not met the attendant burden of proof, it is inappropriate for this court to substitute its judgment for that of the trial court. See, e.g., Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975).
The husband contends the statutory burden of proof was met in this instance because under § 30-2-55, alimony terminates when a spouse lives openly with another without regard to the brevity of the occurrence. The wife, as we perceive her argument, adopts the position that the conduct of an errant former spouse must be sufficient to establish common-law matrimonial cohabitation in order for the statute to become operative.
We are of the opinion that the legislature could not have intended either of these contentions under a rational, sensible construction. Dixie Coaches v. Ramsden, 238 Ala. 285,190 So. 92 (1939). The conduct proscribed by the statute lies between these *Page 1108 
two extremes and the determination of whether a spouse has exhibited such conduct is necessarily a question of fact in each case. Stated alternatively, while not every occurrence of postmarital unchastity by a former spouse will bar the right to alimony, O'Dell v. O'Dell, 57 Ala. App. 185, 326 So.2d 747
(1976); Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534
(1961), it is not incumbent upon a petitioner to prove the former spouse is habitually living with another with objective manifestations that the spouse and the paramour consider themselves married. See, e.g., N.Y. Dom. Rel. Law § 248 (McKinney 1977); Northrup v. Northrup, 43 N.Y.2d 566, 402 N.Y.S.2d 997,373 N.E.2d 1221 (1978).
In the instant case, considering the totality of the circumstances, with particular emphasis on the occurrence in question as testified to by the wife, it was well within the trial court's discretion to find that the wife's conduct did not bar her right to receive alimony under the statute.
For the foregoing reasons, we find the trial court did not abuse its discretion as to require reversal.
In view of the above, other matters alluded to by able counsel for the husband need not be discussed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.