After a trial before the judge, the circuit court refused to terminate the plaintiff's alimony from the defendant and made a finding of fact in the judgment that the plaintiff, at no time since the divorce of August 23, 1974, has been guilty of living openly or cohabiting with a member of the opposite sex as such terms are used in § 30-2-55, Code of Ala. 1975, as amended. The defendant appeals.
In 1975, the plaintiff and her present man-friend first met and began dating each other. They made two trips to out of state football games in 1975 and went to races in Florida and Mobile. Generally, they shared the same bed on those occasions. They have had sexual intercourse in motels in Jefferson County; but, while he has spent the night at the plaintiff's home on many occasions, they did not occupy the same bed, for he always slept on a couch in the den. As a rule, his staying overnight was caused by the lateness of their arrival at her home or in order to prevent his having to drive while under the influence of intoxicants a considerable distance to his mother's home, where he lived. They would sometimes frequent restaurants and bars together and he would drive her car. He is a carpenter and infrequently adjusted doors or performed other odd jobs for her in and about her home. He did not have a wardrobe nor receive his mail at the plaintiff's home. Neither did he make any contribution towards her household expenses or groceries. One of the plaintiff's adult sons always lived with her except for a three month period.
Under such facts, did the trial court err in failing to find that the plaintiff cohabited with or lived openly with a member of the opposite sex?
Section 30-2-55, Code of Ala. 1975, provides for the termination of periodic alimony which is authorized in a divorce proceeding "upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex."
The circuit judge did not abuse his discretion in finding that the plaintiff's conduct did not bar her right to receive alimony. The question of whether the defendant met his burden of proof is ultimately a question of fact. We cannot substitute our judgment for that of the trial judge unless he was clearly and palpably wrong. Ivey v. Ivey, Ala.Civ.App., 378 So.2d 1151
(1979); Parish v. Parish, Ala.Civ.App., 374 So.2d 348, cert.denied, Ala., 374 So.2d 351 (1979); Atkinson v. Atkinson, Ala.Civ.App., 372 So.2d 1106 (1979).
The following from Parish, 374 So.2d at 349, 350 applies especially to the case at bar:
 [W]e find the legislature intended to strike a balance between the occasional brief sojourn and the common-law marriage. Thus, while not every occurrence of postmarital unchastity by a former spouse will bar the right to alimony, . . a petitioner need not prove the former spouse is habitually living with another *Page 219 
and that the couple consider themselves married. (Citations omitted.) . . .
. . . . .
 It is well settled in Alabama that a judgment or decree entered by a trial court after the hearing of testimony is presumed correct and will be reversed on appeal only if, after consideration of all the evidence and the reasonable inferences drawn therefrom, the appellate court concludes that it is plainly and palpably wrong. . . .
Here, the circuit judge was not plainly and palpably wrong. Therefore, the judgment of the circuit court must be affirmed.
Appellee requests an attorney's fee and an attorney's fee of $350 is hereby awarded.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Ala. 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.