EDWARD N. SCRUGGS, Retired Circuit Judge.
A former husband sought to terminate periodic alimony to his ex wife upon the ground that she was “living openly or cohabiting with a member of the opposite sex.” § 30-2-55, Code of Alabama of 1975.
The evidence conflicted. Part of the testimony, if believed and considered alone, was sufficient to authorize the termination of alimony. On the other hand, portions of the evidence were adequate to defeat his objective of ending his alimony obligation.
Whether an ex spouse is living openly or cohabiting with a member of the opposite sex is a question of fact to be determined by the trial court when the evidence thereon conflicts. After an ore tenus trial in the circuit court, that court determined that periodic alimony should not be terminated and that it should continue to be paid. While that decision could have been just the opposite in view of the state of the evidence in this case, the judgment of the trial court is presumed to be correct, and we must affirm for it is not plainly and palpably wrong. Jones v. Jones, Ala.Civ. App., 387 So.2d 217, cert. denied, Ala., 387 So.2d 219 (1980); Etheridge v. Etheridge, Ala.Civ.App., 379 So.2d 87, cert. denied, Ala., 379 So.2d 89 (1979); Ivey v. Ivey, Ala.Civ.App., 378 So.2d 1151 (1979); Parish v. Parish, Ala.Civ.App., 374 So.2d 348, cert. denied, Ala., 374 So.2d 351 (1979); Atkinson v. Atkinson, Ala.Civ.App., 372 So.2d 1106 (1979).
The former wife has requested an attorney’s fee on appeal. A fee of $350 is awarded.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.