The husband instituted this action in January of 1979 by petitioning the Jefferson County Circuit Court for a modification of periodic alimony and child support.
The husband later amended his petition to request termination of periodic alimony pursuant to § 30-2-55, Code of Ala. 1975 (1979 Cum. Supp.). In July of 1979, the wife filed a petition for rule nisi, alleging that the husband had failed to comply with a previous court order regarding certain arrearages in alimony and child support payments. The wife also requested an attorney's fee.
After an ore tenus hearing, the trial court specifically found that, at the time the wife's rule nisi petition was filed, the husband was in willful contempt of a prior court order, as alleged by the wife. The court also found, however, that the husband had purged himself of contempt by satisfying all arrearages during the course of the hearing.
The trial court denied the husband's petition regarding the modification of alimony and granted the wife an attorney's fee. The husband, through able and distinguished counsel, appeals and we affirm.
There are two issues on appeal: (1) whether the trial court erred in refusing to terminate the wife's periodic alimony based on its determination that the wife was not "living openly or cohabiting with a member of the opposite sex" within the meaning of § 30-2-55, Code of Ala. 1975 (1979 Cum. Supp.); and (2) whether the trial court erred in granting the wife an attorney's fee.
Viewing the record with the attendant presumptions the following is revealed.
When the parties were divorced in March of 1976, the wife was awarded periodic alimony until her death or remarriage. The wife was also given custody of the parties' four minor children and the husband was ordered to make certain child support payments. Only the youngest child, who is fifteen, is still living with the wife.
Several months after the divorce, the wife met Mr. Pennington. She began to date him approximately six months later, in December of 1976. At the time of the hearing, the wife had been seeing Mr. Pennington regularly for about one and a half to two years.
Mr. Pennington often visits the wife at her apartment. He had, on six or seven occasions, spent the night at the wife's apartment. When he did spend the night, the wife always slept on the couch, as was her custom, and Pennington always slept in the wife's bedroom. Pennington and the wife did not have sexual intercourse at her apartment or when any of her children were present. *Page 238 
The wife has taken several out of town trips with Mr. Pennington. On some of these trips they have had sexual intercourse. They have also had sexual intercourse at the motel where Mr. Pennington resides.
Pennington does not keep any clothes at the wife's apartment, although the wife does wash his clothes on occasion. Occasionally, Mr. Pennington buys groceries for a meal or cooks a meal at the wife's apartment.
Pennington does not receive his mail at the wife's address; he receives it at his motel or at his place of business. He does not pay any part of the rent or utilities for the wife's apartment.
The husband in this case is a successful businessman. He owns nine El Palacio restaurants in Alabama and has a one-third interest in three El Palacio restaurants in Mississippi and Louisiana. He also owns Kosher Leasing Company, which leases automobiles and restaurant equipment to El Palacio restaurants.
In addition, the husband is a partner in three business partnerships. He owns a one-third interest in Southeastern Restaurant and Supply, a two-thirds interest in Gulf States Leasing, and a one-third interest in Delta Leasing Company. His income in 1978 was approximately $86,000. In 1977 he earned about $154,000, and in 1976 he earned approximately $191,000.
As stated above, the first issue on appeal is whether the trial court erred in refusing to terminate the wife's periodic alimony, based on its determination that the wife was not "living openly or cohabiting with a member of the opposite sex" within the meaning of § 30-2-55.
Whether a former spouse is living openly or cohabiting with a member of the opposite sex for purposes of § 30-2-55 is a factual determination. Etheridge v. Etheridge, Ala.Civ.App.,379 So.2d 87, cert. denied, Ala., 379 So.2d 89 (1979). This court may reverse the trial court's determination only if we conclude, after consideration of all the evidence and all other reasonable inferences drawn therefrom, that such determination is plainly and palpably wrong. Blackwell v. Blackwell, Ala.Civ.App., 383 So.2d 196 (1980).
There is ample evidence in this case to support the trial court's finding that the wife was not "living openly or cohabiting with" Mr. Pennington. The evidence shows that Pennington only rarely spent the night at the wife's apartment and that when he did spent the night, he did not sleep with the wife or have sexual intercourse with her. Pennington did not keep his clothes at the wife's apartment, neither did he receive his mail there. Although he occasionally brought groceries to the apartment, he generally brought only enough for one meal. He did not pay any of the rent or utilities for the apartment.
While the trial court could have concluded, as it apparently did, that the wife and Pennington were regular adult social companions and that they had had sexual intercourse, such a conclusion does not necessarily require a finding that the wife was "living or cohabiting with" Pennington. With the above in mind, we find no reversible error on this ground.
We note that the husband, in brief, has asked this court to define "cohabitation" as it is used in § 30-2-55. As stated above, whether a person is "living openly or cohabiting with a member of the opposite sex" is a factual determination for the trial court. Etheridge, supra. We addressed this issue numerous times in the past two years. We are not constrained to restate what we have previously written. We refer the husband and other interested parties to: Jones v. Jones, Ala.Civ.App.,387 So.2d 217, cert. denied, Ala., 387 So.2d 219 (1980); Parish v.Parish, Ala.Civ.App., 374 So.2d 348, cert. denied, Ala.,374 So.2d 351 (1979); Atkinson v. Atkinson, Ala.Civ.App.,372 So.2d 1106 (1979).
The second issue presented on appeal is whether the trial court erred in awarding an attorney's fee to the wife.
After an ore tenus hearing on the parties' petitions, the trial court ordered the husband *Page 239 
to pay the wife $3,000 as an attorney's fee for services rendered in connection with the aforementioned proceeding.
It is within the trial court's discretion to award an attorney's fee to the wife in a proceeding to modify a divorce decree. Price v. Price, Ala.Civ.App., 360 So.2d 340 (1978). The exercise of that discretion will not be revised on appeal in the absence of abuse. Smith v. Smith, Ala.Civ.App.,365 So.2d 88 (1978).
The factors to consider in making such an award are the earning capacities of the parties, the results of the litigation and the labor and skill involved. Horsley v.Horsley, 50 Ala. App. 445, 280 So.2d 150, cert. denied, 291 Ala. 782, 280 So.2d 155 (1973).
It is clear that the court did not abuse its discretion with regard to the award of an attorney's fee in this case. As stated above, the husband is a successful businessman. His income in 1978 was approximately $86,000. He wholly owns nine El Palacio restaurants and has a one-third interest in three others. He also has financial interests in several other businesses. The wife, on the other hand, was not employed when the parties were divorced. She later obtained a position with a local television station, but her salary at the time of the hearing below was only about $116 per week, which is approximately $6,000 per year.
The litigation in this case resulted in a denial of the husband's request for modification of periodic alimony. And the attorneys obviously spent a great deal of time and effort on the proceeding, as the record on appeal is comprised of over six hundred pages of testimony alone.
With the above in mind, and with emphasis on the relative earning capacities of the parties, we find no abuse of discretion with regard to the trial court's award of $3,000 as an attorney's fee.
The wife has petitioned the court for an attorney's fee on appeal and an attorney's fee of $500 is hereby awarded.
This cause is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.