The husband petitioned for a modification of a prior decree of divorce pursuant to section 30-2-55, Code of Alabama 1975 (Cum.Supp. 1980), alleging the wife had cohabited or lived openly with a member of the opposite sex.
After an ore tenus hearing, the trial court granted the husband's petition and the wife appeals. We affirm in part and reverse in part.
For clarity, we will discuss the facts which are pertinent to each of the four issues raised by the wife on appeal:
 I. The trial court abused its discretion in finding that the wife had cohabited or lived openly with a member of the opposite sex;
 II. The agreement executed by the parties which was incorporated into the divorce decree was a nonmodifiable property settlement;
 III. The trial court abused its discretion in imposing discovery sanctions upon the wife for her failure to answer interrogatories; and
 IV. The trial court erred in refusing to consider the wife's motion for recusal.
 I
The wife's first contention is that the evidence is insufficient to support a finding that she had lived openly or cohabited with a member of the opposite sex. We disagree.
The applicable statutory provision, section 30-2-55, provides:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex. This provision shall be applicable to any person granted a decree of divorce either prior to April 28, 1978, or thereafter; provided, however, that no payments of alimony already received shall have to be reimbursed.
Cohabitation has been defined as some permanency of relationship coupled with more than occasional sexual activity between the cohabitants. Hicks v. Hicks, 405 So.2d 31
(Ala.Civ.App. 1981). The question of whether a former spouse is living openly or cohabiting with a member of the opposite sex is a factual determination. Parish v. Parish, 374 So.2d 348
(Ala.Civ.App.), cert. denied, 374 So.2d 351 (Ala. 1979), appealdismissed, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980). This court can only reverse the trial court's determination if, after a consideration of all the evidence and the reasonable inference drawn therefrom, we conclude that such determination is plainly and palpably wrong. Blackwell v. Blackwell,383 So.2d 196 (Ala.Civ.App. 1980).
We find the evidence in the instant action supports the trial court's conclusion that the wife had lived openly or cohabited with a member of the opposite sex.
The wife had become acquainted with Norman Savage approximately two years before the husband filed his petition to modify. The wife and Savage had at one time made a joint application for an apartment. Several witnesses, including Savage himself, Savage's son, and the wife's neighbors gave testimony from which the trial court could have concluded that Savage frequently spent the night at the wife's home. When the wife's home was damaged by fire, Savage stayed with the wife at a local motel. Savage used the wife's address as his own on his checking account and driver's license. There was evidence that the wife provided financial support for Savage and his children.
In light of the above evidence, we find the trial court did not abuse its discretion in its determination that the wife had lived openly or cohabited with Savage. Consequently, the husband was entitled to relief under section 30-2-55. *Page 1056 
 II
The wife next contends that the trial court had no authority to modify the decree of divorce. Specifically, the wife contends that the divorce decree had incorporated an agreement between the husband and wife which constituted a nonmodifiable property settlement.
The pertinent provisions of the agreement incorporated into the 1975 decree are:
 5. The party of the first part [husband] will pay to the party of the second part [wife] as alimony for her support and maintenance the sum of Two Thousand and No/100 ($2,000.00) Dollars per month beginning with the month of September, 1975, such payments to terminate upon the death or remarriage of the party of the second part.
 6. The party of the second part is now the owner and beneficiary of the following life insurance policies on the life of the party of the first part:
 New England Life, Policy No. 3030734, in the amount of $50,000
 Manhattan Life, Policy No. 524216, in the amount of $50,000.00
 and party of the first part agrees to pay all present and future premiums when due on each of the above numbered policies.
 7. The party of the first part agrees to create, or cause to be created a trust, either inter vivos or testimentary, and to convey to the named trustee assets sufficient and of a nature to produce an annual income of not less than Sixteen Thousand and No/100 ($16,000.00) Dollars, and by the terms of said trust beginning with the death of party of the first part, the trustee shall pay to the party of the second part, or for her use and benefit, all of such income during the life of party of the second part or until her remarriage, whichever event shall first occur.
 Until paid or provided for, said amount shall constitute a debt owed by plaintiff to the defendant and at the time of his death shall be a lawful claim upon his estate and binding upon his representatives, heirs, devisees and legatees.
As indicated, the trial court granted the husband's petition to modify based on the finding that the wife had cohabited or lived openly with a member of the opposite sex. In this decree granting the husband's petition, the trial court stated "that the original divorce decree should be modified in that paragraphs 5, 6 and 7 of the separation agreement embodied in said decree should be deleted. . . ."
On appeal, the wife apparently contends that paragraphs 5, 6 and 7 are part of an integrated bargain agreement between the husband and wife which the trial court had no authority to modify without the consent of both parties. Little v. Little,349 So.2d 48 (Ala.Civ.App. 1977) (Holmes, J., concurring specially).
Whether an agreement between divorcing parties constitutes an integrated bargain is an issue which must be determined by the trial court after the presentation of evidence concerning the parties' intent when executing the agreement. See Duvalle v.Duvalle, 348 So.2d 1067 (Ala.Civ.App. 1977).
The record before us reveals no evidence on the question of whether the parties intended that this settlement agreement be treated as an integrated bargain. Issues which were not raised at trial may not be considered for the first time on appeal.Brown v. Brown, 374 So.2d 332 (Ala.Civ.App.), cert. denied,374 So.2d 334 (Ala. 1979). The wife's failure to present evidence at trial on the issue of whether this agreement constitutes an integrated bargain precludes this court from now considering that issue on appeal.
We must now consider, then, whether the trial court abused its discretion in modifying the decree by deleting paragraphs 5, 6 and 7.
A trial court may terminate an award of periodic alimony pursuant to section 30-2-55 once it has been determined that a former spouse has cohabited or lived openly with a member of the opposite sex. See Hicks v. Hicks, supra; Blackwell v. *Page 1057 Blackwell, supra; Parish v. Parish, supra. Section 30-2-55, however, applies only to awards of periodic alimony.Higginbotham v. Higginbotham, 367 So.2d 972 (Ala.Civ.App. 1979). Awards of alimony in gross and/or divisions of property are neither modifiable nor subject to section 30-2-55.Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert.denied, 384 So.2d 1100 (Ala. 1980).
The above referenced paragraph 5 is clearly an award of periodic alimony. Since the trial court determined that the wife had cohabited or lived openly with Savage, we cannot find the trial court abused its discretion in terminating the award of periodic alimony pursuant to section 30-2-55.
Paragraph 6, however, is not an award of periodic alimony which could be modified under section 30-2-55. The two life insurance policies awarded the wife in paragraph 6 are deemed an award of alimony in gross and/or a property division.Higginbotham v. Higginbotham, supra. In the instant action, the trial court had no authority to modify the decree by relieving the husband of his obligation to pay the insurance premiums. Accordingly, we find the trial court erred to reversal by deleting paragraph 6.
We also find the award to the wife in paragraph 7 cannot be characterized as periodic alimony subject to termination under section 30-2-55. Periodic alimony is an allowance for the future support of the wife payable from the current earnings of the husband. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (Ala. 1974). The payments to the wife pursuant to paragraph 7 will be derived from the income of an inter vivos or testamentary trust created by the husband. The payments from the trust will not begin until the husband dies. The payments to the wife under paragraph 7 are not deemed to be periodic alimony because they are not derived from "the current earnings of the husband."Hager v. Hager, supra. Because section 30-2-55 only applies to awards of periodic alimony, we find that Code provision to be inapplicable to the award of trust income to the wife in paragraph 7. The trial court abused its discretion in deleting paragraph 7 from the original decree of divorce.
We realize it is difficult to characterize paragraph 7 as an award of alimony in gross and/or a division of property. Payments to the wife from the trust will cease upon her death or remarriage. Our supreme court, in Hager v. Hager, supra, determined that a provision providing that an award which will terminate upon the death of the payee spouse does not prevent such an award from being properly characterized as nonmodifiable alimony in gross. Likewise, on the facts before us, we find that a provision providing that payments from a trust account will cease upon the wife's remarriage does not alter the nonmodifiable characteristics of the award in paragraph 7 as construed within the purview of section 30-2-55.
 III
The wife's third contention on appeal is that the trial court, prior to trial, abused its discretion in imposing discovery sanctions on the wife for her failure to answer certain interrogatories propounded by the husband.
When the husband filed his petition to modify, he served interrogatories upon the wife. The wife failed to answer these interrogatories, whereupon the trial court entered an order compelling discovery. The wife did not comply with the discovery order. The husband then moved the trial court to hold the wife in contempt and to sanction her for failing to answer the interrogatories.
The trial court then entered an order sanctioning the wife by temporarily relieving the husband from payments of alimony and payment of premiums on the two life insurance policies.
The wife subsequently answered the interrogatories and the case proceeded to trial. On appeal, the wife contends the trial court abused its discretion in ordering sanctions under rule 37 (b)(2), ARCP. The pertinent provisions of rule 37 (b)(2) provide: *Page 1058 
(b) Failure to Comply with Order.
 (2) Sanctions by Court in Which Action is Pending.
If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
 (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
. . . .
 In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
The choice of sanctions to be imposed is largely within the discretion of the trial court. See Ultracashmere House, Ltd. v.Meyer, 407 So.2d 125 (Ala. 1981); Weatherly v. Baptist MedicalCenter, 392 So.2d 832 (Ala. 1981).
In this instance, the wife's failure to comply with a discovery order compelling her to answer the interrogatories could have subjected her to sanctions "such as contempt, exclusion of claims, defenses or evidence, stays, and default judgments." Committee Comments to rule 37, ARCP.
We find it was within the trial court's discretion to sanction the wife by temporarily relieving the husband from making payments of periodic alimony. We find, however, that the trial court erred in sanctioning the wife by temporarily relieving the husband from making payments of the life insurance policies.
As discussed above, an award of periodic alimony is modifiable under section 30-2-55. Conceivably, the trial court in this action could have sanctioned the wife by entering a default judgment, resulting in a permanent termination of the payments of periodic alimony. The trial court had the discretion to choose a less drastic sanction, and we find no error in the trial court's decision to temporarily halt the payment of periodic alimony.
We have noted, though, that the award of the two life insurance policies to the wife is an award of alimony in gross and/or a property division. Such an award, as indicated, is not subject to section 30-2-55. Because the trial court no longer had any authority to terminate the award of the life insurance policies on the merits of the action, we find it had no authority to terminate the award as a discovery sanction under rule 37 (b)(2). Even the most drastic sanction, a default judgment, would in this case have left the award of alimony in gross and/or a property division unaffected.
 IV
The wife's final contention on appeal is that the trial court erred in failing to consider her motion for recusal.
Shortly before the trial, the wife wrote her attorney stating that she would like Judge Green, the trial judge, to recuse himself. The wife said in this letter that she felt the Honorable trial judge had exhibited bias or prejudice by making disparaging remarks against the wife.
An unsworn copy of the wife's letter was attached to the wife's motion to recuse. The record is devoid of any affidavit or legal evidence in support of this motion. No ruling on the motion for recusal appears in the record, but we note that Judge Green did preside at the modification proceeding. *Page 1059 
We find there is no issue here presented for appellate review. As this court stated in Parsons v. Parsons,337 So.2d 765, 770 (Ala.Civ.App. 1976), in discussing a recusal issue:
 There is a "substantial burden" on a party alleging bias to show grounds therefor. Street v. Hutto, 46 Ala. App. 324, 241 So.2d 848. Where such a party does not meet this burden by legal proof or affidavit, but merely rests upon an allegation, there is insufficient matter for our review. Shell v. Shell, 48 Ala. App. 668, 267 So.2d 461. We accordingly cannot consider appellant's contention of bias.
The lack of any competent evidence, or offer thereof, or an affidavit supporting the wife's motion for recusal precludes, in this instance, this court from now considering the issue on appeal.
The wife has requested an attorney's fee for representation on appeal. A fee of $350 is awarded. We would be remiss in not commenting upon the excellent oral presentation by counsel for the husband.
We find this action is due to be affirmed in part, reversed in part, and remanded for entry of an order not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
All the Judges concur.