Alimony terminated; wife appeals.
On September 4, 1981 the parties to this appeal were divorced by a decree of the Circuit Court of Montgomery County. In that decree the court divided the parties' property and ordered the husband to pay the wife alimony in gross and periodic alimony.
On November 12, 1982 the ex-husband filed a petition to modify the divorce decree. He sought to have the periodic alimony payments terminated pursuant to section 30-2-55, Code 1975, because his ex-wife *Page 1054 
had lived openly or cohabited with a member of the opposite sex in violation of the statute.
The former Mrs. Penn denied the allegations of the modification petition and filed a petition for the rule nisi asserting that her former husband had failed to make the periodic alimony payments required by the decree.
The parties' petitions were consolidated and heard on February 28, 1983, with all testimony, other than that of the former husband, being in the form of depositions. The trial court modified its decree of divorce and terminated the wife's right to future alimony. Husband was ordered to pay accrued alimony from August through November 1982, the date of the hearing.
The sole issue for review here is whether appellant-wife "lived openly" or "cohabited" with a member of the opposite sex, so as to forfeit her right to periodic alimony under section 30-2-55, Code 1975.
Section 30-2-55, in pertinent part, provides:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex."
Findings by the trial court based on evidence taken ore tenus come to this court clothed with a presumption of correctness.Moore v. Lovelace, 413 So.2d 1100 (Ala. 1982). Appellant says, however, that only part of the evidence was orally presented to the court in the case at bar, and the remainder was presented by deposition. Therefore, no presumption surrounds the trial court's findings. We disagree.
A decree based on evidence, part of which is presented orally and part by deposition, has the effect of a jury verdict and will not be disturbed except for plain and palpable error.Jones v. Moore, 295 Ala. 31, 322 So.2d 682 (1975).
Appellant argues that the evidence does not support the trial court's finding that she was "living openly or cohabiting" with a member of the opposite sex. First, she contends that the record is devoid of any evidence of sexual activity between her and her male companion. Second, she says that living with her male friend for a period of about three to six months fails to establish "cohabitation" under section 30-2-55.
"[W]hether or not a former spouse is living openly or cohabiting with a member of the opposite sex . . . is a factual determination. Whether the petitioner . . . has met the burden of proof is ultimately a question of fact." Blackwell v.Blackwell, 383 So.2d 196 (Ala.Civ.App. 1980).
Where the trial court determines that the petitioner has met his burden of proof, we can reverse, after considering all the evidence, only if we conclude that such determination is plainly and palpably wrong. Blackwell v. Blackwell, supra. We do not so find in the instant case.
The evidence shows that appellant bought a house in Tulare, California in April 1982. About May or June of 1982, Billy Bob Yocham moved into appellant's house. Although there is no testimony from either party that they had engaged in sexual intercourse, there was testimony that they were "romantically involved," and Yocham did not move out of appellant's house until November 1982, when they learned that appellant's former husband had filed a petition to terminate her alimony because she was openly living with a man. There is also evidence that Yocham gave appellant $158 a month, ostensibly as rent, contributed to the payment of the utilities, moved most of his possessions into her house, listed her house as his mailing address, gave appellant's house as his address on an application for motor vehicle registration, on one occasion was observed cutting the grass, received his bank statements and telephone calls at appellant's house, and had his grandchildren visit him at appellant's address. These grandchildren were asked to refer to appellant as *Page 1055 
"Grandma Yocham." There is evidence that appellant cooked for Yocham and did his cleaning and washing, and took a trip to Texas with him. Yocham also kept his three vehicles parked in appellant's yard. There was testimony that the couple was contemplating marriage, and Yocham said that they would continue to live together once the modification proceedings had been settled.
We conclude that the trial court's decree that appellant was "living or cohabiting" with Yocham is not plainly and palpably wrong.
Appellant's first argument that the trial court erred in terminating her periodic alimony is based on our holding inTucker v. Tucker, 416 So.2d 1053 (Ala.Civ.App. 1982), that: "Cohabitation has been defined as some permanency of relationship coupled with more than occasional sexual activity between the cohabitants." She says there was no proof that she and Yocham had engaged in sexual intercourse.
Ordinarily, direct evidence of instances of sexual intercourse between consenting adults is seldom available, unless the parties admit to such activity, in cases of adultery and miscegenation; however the courts in those situations have held that such direct proof is unnecessary because sexual intercourse can be inferred from a chain of circumstances, such as living together, going together, etc. Griffith v. State,35 Ala. App. 582, 50 So.2d 797 (Ala.Cr.App. 1951); Cole v. State,17 Ala. App. 488, 86 So. 124 (Ala.Cr.App. 1920). Likewise, in the case at bar, the evidence shows a living together, a romantic interest in each other, and an intent to continue the relationship. We hold that proof of these circumstances permitted the trial court to conclude that the parties had engaged in more than occasional sexual activity and, therefore, had cohabited as provided by section 30-2-55, Code 1975.
As to appellant's second contention that the evidence failed to establish that "permanency" of cohabitation envisioned byTucker v. Tucker, supra, we note that appellant and Yocham lived together in appellant's house for a period of three to six months, depending on which version of the evidence one wishes to believe, and both parties indicated that they intended to continue their relationship indefinitely. Based on this evidence and the other proof of the parties' relationship, we conclude that the standard of "some permanency of relationship" has been adequately established in this case.
The decree of the trial court is affirmed.
The parties have both requested an attorney fee on appeal and their requests are denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.