This is an appeal from an order terminating alimony.
Sharon Duquet Capper and Robert Neil Capper were divorced in Mobile County Circuit Court on April 15, 1977. The final decree of divorce granted custody of the couple's two minor children to Mrs. Capper and ordered Mr. Capper to pay $950 per month in child support. On May 13, 1982, the court modified its original decree, reclassifying $300 of the $950 monthly child support as alimony and ordering Mr. Capper to pay tuition, books and uniforms for his minor children's parochial school education. Mr. Capper appealed here, asserting *Page 360 
that the court's order as amended violated his rights under Article 1, Section 3 of the Alabama Constitution. We held that he was responsible for his children's educational expenses even though incurred at a parochial school, 428 So.2d 86.
On August 17, 1983, Mr. Capper petitioned for modification, averring that his ex-wife was living openly or cohabiting with another man and requesting that her alimony be terminated pursuant to § 30-2-55, Code of Alabama 1975. After an ore tenus hearing the trial court granted his petition, ordering that the $300 per month in alimony be terminated. After her motion for reconsideration was denied, Mrs. Capper appealed here.
The sole issue before us on appeal is whether there is sufficient evidence to support the trial court's determination that Mrs. Capper was cohabiting or living with another man within the meaning of § 30-2-55.
Section 30-2-55 provides that:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex. This provision shall be applicable to any person granted a decree of divorce either prior to April 28, 1978, or thereafter; provided, however, that no payments of alimony already received shall have to be reimbursed."
As stated in Hicks v. Hicks, 405 So.2d 31 (Ala.Civ.App. 1981), though the party seeking relief under § 30-2-55 must prove more than an occasional post-marital indiscretion, he need not prove a habitual living arrangement between the former spouse and cohabitant arising to the level of a common law marriage. Establishing cohabitation requires only that proof be presented indicating some permanency of relationship, coupled with more than occasional sexual activity between the cohabitants. Hicks,supra. Such factors as the former spouse's ceasing to date anyone other than the alleged cohabitant, payment of the former spouse's debts by the alleged cohabitant, and purchase of clothes for the former spouse by the alleged cohabitant may be considered as factors indicating a permanency of relationship, permanency may also be manifested by the former spouse sharing a dwelling with a member of the opposite sex. Hicks, supra.
Whether cohabitation exists is a factual determination for the trial judge in each case. Tucker v. Tucker, 416 So.2d 1053
(Ala.Civ.App. 1982). This court will not reverse such a determination unless, after considering all the evidence and reasonable inferences drawn therefrom, we conclude that it is not supported by the evidence. Tucker, supra.
In view of the evidence presented that between August 1, 1983 and August 23, 1983, Mrs. Capper's long-time paramour lived in her apartment, kept his clothes and other personal property there, contributed money to household expenses, ate his meals there, shared Mrs. Capper's bed and frequently engaged in sex with her, we find sufficient evidence to support the trial court's determination of cohabitation. Therefore, we perceive no error in the court's termination of alimony.
All requests for attorney fees on appeal are denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 361