The husband petitioned for a termination of periodic alimony pursuant to section 30-2-55, Code 1975. The trial court denied his relief and he timely appealed.
After an ore tenus trial before the circuit court, that court made the following findings as to the facts:
 "The sole issue before the Court at this time is whether the former Wife's alimony should be terminated pursuant to § 30-2-55, Code of Alabama, 1975, as amended, for living openly or co-habitating with a member of the opposite sex. The evidence showed that the parties were divorced November 6, 1981. The Wife was awarded a house and has continued to live in that home since the divorce. She has been employed at Arrowhead *Page 663 
Country Club since March of 1982. Approximately two years ago she met and began dating a male friend and they have continued up until the present to have a social as well as sexual relationship. They see each other four to five times a week, attend most social functions together, dine out on Friday and Saturday nights and he regularly spends these nights with her in her home. He eats some meals at her house during the week and has also spent the night during the week. He has an apartment which he has had for approximately seventeen years and keeps no personal items or clothing at her home. He pays none of the household expenses but has occasionally purchased some groceries and does pay for their meals when they dine out on weekends. He does not have his own key to the house but has been provided one on occasions in order to feed the household pets when she is out of town.
 "They spend most holidays together and give each other gifts on special occasions as well as giving each others' children minor gifts. They have also on a few occasions taken trips together out of town where they have stayed in the same motel room which was registered in his name only. They have never held themselves out to be husband and wife, do not share any bank accounts and have no plans to marry at the present.
 "Having considered the evidence the Court finds that the former Wife is not and has not been living openly or co-habitating with a member of the opposite sex."
While there was other testimony which was favorable to both sides which was not summarized by the trial court, those factual findings of the circuit court were supported by the testimony and fairly cover the tendencies of the evidence.
It is a factual determination for the trial court to make as to whether a former spouse is living openly or cohabiting with a member of the opposite sex in order to authorize a termination of periodic alimony under section 30-2-55, and such a determination will not be revised upon an appeal unless it was plainly and palpably wrong after considering all of the evidence and all reasonable inferences to be drawn therefrom.Capper v. Capper, 451 So.2d 359 (Ala.Civ.App. 1984); Penn v.Penn, 437 So.2d 1053 (Ala.Civ.App. 1983); Peterson v. Peterson,403 So.2d 236 (Ala.Civ.App.), cert. denied, 403 So.2d 239 (Ala. 1981); Jones v. Jones, 387 So.2d 217 (Ala.Civ.App.), cert.denied, 387 So.2d 219 (Ala. 1980).
There was ample evidence in this case to support the trial court's finding that the wife was not living openly or cohabiting with Cam Shaffer, her male friend. While they spent some nights together almost every week at her home, and while sex between them resulted on most of those occasions, and although they went out socially almost every weekend, and while he ate an occasional evening weekday meal at her home, and while they occasionally took trips together where they were registered in a motel under only his name, those were not the only facts. Cam did not keep any clothing or any other personal effects at her home, and he did not have a key to it. He did not materially or habitually contribute towards the expenses of the wife's home. He did not receive any mail there. He did not assist her in obtaining credit or in paying any of her loans or bills. They have never shared expenses and neither has supported the other. They have never held themselves out as husband and wife, and have not discussed getting married. She has not limited her dates exclusively to Cam, but continues to occasionally date other men; however, she has not become as fully involved with any of her other dates as with him. Cam mows her lawn only about once a month and she does the rest of her mowing. There was testimony that they have never shared a common residence in terms of living there. Cam still lives in the same apartment where he has resided for seventeen years, and the wife maintains her own home. In short, while the trial court concluded that the wife and her male friend were regular social and sexual companions, such a conclusion does not necessarily dictate or require *Page 664 
a finding that the wife was living or cohabiting with him.Peterson, 403 So.2d at 238. In view of the entire evidence, we can find no abuse of discretion and we are not convinced that the decision of the trial court was plainly and palpably wrong. The trial court did not err in not terminating the periodic alimony of the wife under the circumstances.
The husband also raises a second issue, but he concedes that it is ancillary to the alimony termination question and that it must stand or fall therewith. Accordingly, we also find no error as to the second aspect.
The judgments from which the appeal was taken are affirmed.
The wife has requested that an attorney's fee on appeal be paid by the husband, and a fee of $500 is hereby awarded to her.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., recuses himself.