This appeal is from a judgment which terminated periodic alimony.
The parties were divorced on April 29, 1983. Colonel Knight was ordered to pay alimony to Mrs. Knight which presently amounts to $500 per month. In the instant litigation, Mrs. Knight sought to recover past-due alimony, and he countered that she was openly cohabiting with a member of the opposite sex. The learned trial court terminated periodic alimony for that reason after an ore tenus trial and Mrs. Knight appealed. We have been favored with fine briefs by able counsel for both parties. The primary issue is whether the evidence and reasonable inferences therefrom were adequate to authorize the termination of alimony.
After viewing the evidence in accordance with the attendant presumptions, the following pertinent facts are revealed.
Colonel Knight testified that, on February 7, 1986, he flew to Texas, where Mrs. Knight and their 12-year-old son reside. He observed Mrs. Knight and her boyfriend, Mr. Cole, who is her employer, proceed from the place of business to her home. The couple later went to a restaurant but returned to her house where Mr. Cole spent the night. The next morning the Colonel followed them from her residence to their workplace.
A licensed Texas private detective testified. He had been hired by Colonel Knight and kept Mrs. Knight and her boyfriend under surveillance on four different occasions. On March 1, 1986, Mrs. Knight was at her home and Mr. Cole remained at his house. On March 4, March 5 and June 13, 1986, the detective observed Mr. Cole's pickup truck parked at Mrs. Knight's residence. On each of those three dates, the lights in the house that were visible to the detective were turned off around 11:00 P.M. Shortly thereafter the detective left the vicinity of the home and returned at 7:00 A.M. the next morning when he observed that the truck was in the same location as it had been the night before. It had not been moved. Later in the morning, he observed Mr. Cole and Mrs. Knight leave together in the truck to go to their place of employment.
Mrs. Knight testified that she has worked for Mr. Cole for fourteen months and has known him for two and one-half years. Mr. Cole is forty-two years of age and has been divorced for fifteen years. He owns his own home. The business is *Page 1115 
located in a Dallas suburb and is situated about midway between their respective homes. She is training to be the manager of the business. The couple have a social relationship and intend to marry when she completely takes over the management of that business in approximately one and one-half years. That delay in marriage is occasioned by their desire not to be together day and night.
Sometimes her sister and the sister's husband, who work as distributors in the business, come to Mrs. Knight's house, and Mrs. Knight, Mr. Cole and the sister and husband conduct business there, sometimes all night. Mr. Cole usually spends the night at her residence on those occasions, but he does not then occupy her bed.
Mr. Cole has a room in her house if he needs it, but he does not reside in her home and she does not live in his. He is probably at her house once a week, and Mrs. Knight and her son are at Mr. Cole's twice a month. On weekends, if her son is not then present at her home, the couple spend some time together in bed. They always cook out on Sundays.
She further testified that she and Mr. Cole have never held themselves out as husband and wife, that they have not lived with each other and that "we aren't responsible for each other's anything."
Mrs. Knight and Mr. Cole each have excellent parent-child relationships with the offspring of the other. For example, her son has a room at Mr. Cole's house and a desk in Mr. Cole's office.
She loves Mr. Cole, has had sex with him, and intends to marry him.
It is a question of fact for the trial court to determine as to whether a former spouse is living openly or cohabiting with a member of the opposite sex in order to authorize a termination of periodic alimony under § 30-2-55, Code of Alabama 1975. The burden of proof as to that matter is upon the party seeking relief under that code section. The trial court's decision upon that issue will not be revised upon an appeal unless, after considering all of the evidence and the reasonable inferences therefrom, the trial court was palpably wrong. Rutland v. Rutland, 494 So.2d 662 (Ala.Civ.App. 1986);Capper v. Capper, 451 So.2d 359 (Ala.Civ.App. 1984); Penn v.Penn, 437 So.2d 1053 (Ala.Civ.App. 1983); Peterson v.Peterson, 403 So.2d 236 (Ala.Civ.App.), cert. denied,403 So.2d 239 (Ala. 1981).
 "Based upon the foregoing authorities and common usage, it is apparent that cohabitation requires some permanency of relationship coupled with more than occasional sexual activity between the cohabitants. In previous cases before this court in which alimony has been terminated pursuant to § 30-2-55, this permanency of relationship has manifested itself by the former spouse sharing a dwelling with a member of the opposite sex. Blackwell v. Blackwell, 383 So.2d 196
(Ala.Civ.App. 1980); Ivey v. Ivey, 378 So.2d 1151
(Ala.Civ.App. 1979); Parish v. Parish, 374 So.2d 348
(Ala.Civ.App. 1979); cert. denied, 374 So.2d 351
(Ala. 1979); Atkinson v. Atkinson, 372 So.2d 1106
(Ala.Civ.App. 1979). Other factors, previously considered by this court, which indicate a permanency of relationship include ceasing to date other members of the opposite sex, Atkinson v. Atkinson, supra; payment of the former spouse's creditors by a member of the opposite sex, Parish v. Parish, supra; and purchase of clothes for the former spouse by a member of the opposite sex, Parish v. Parish, supra. None of the factors indicating a permanency of relationship are present in this case.
 "The facts in the instant case are more similar to those before the court in Jones v. Jones, 387 So.2d 217 (Ala.Civ.App.), cert denied, 387 So.2d 219 (Ala. 1980). In Jones, the ex wife and her male friend did not share a common dwelling though he was a frequent visitor and often stayed overnight. The male friend did not contribute to the ex wife's finances. Unlike the case presently before us, the couple in Jones freely admitted having *Page 1116 
had sexual relations on numerous occasions. The trial court held that such evidence was not sufficient to terminate alimony under § 30-2-55 and we affirmed. Consequently, we must reverse in this case."
Hicks v. Hicks, 405 So.2d 31, 33 (Ala.Civ.App. 1981). Proof that a former spouse and a member of the opposite sex were regular social and sexual companions is insufficient to prove cohabitation. Rutland, 494 So.2d at 663; Peterson, 403 So.2d at 238.
We have previously summarized all of the evidence in this case upon this issue. Both Mrs. Knight and Mr. Cole maintain separate residences. There is no evidence that either of them kept any clothing or other personal effects in the other's home, or that either had a key to the other's house. Neither contributed anything toward the other's debts, expenses or support. There was no evidence that they ever used the address of the other for mail, or any other purpose. They have never held themselves out as husband and wife. The evidence is silent as to either party doing any chores, making any repairs, or performing any maintenance upon the other's house or property. While Mrs. Knight and Mr. Cole are regular social companions and sexual lovers who intend to marry, those facts do not require a finding that she is living or cohabiting with him.Rutland, supra; Peterson, supra. As in Hicks, supra, the factors indicating cohabitation are not present in this case. Consequently, we must reverse and remand this litigation to the learned trial court.
Mrs. Knight requests an attorneys' fee for representation on appeal. Colonel Knight shall pay a fee of $500 to her attorneys for their services in this court. His request that she pay his attorneys' fee is denied.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.