Kathy D. McNatt ("the former wife") timely appeals from a judgment that terminated payment to her of periodic alimony by James Mark McNatt ("the former husband"). The trial court's order states:
 "Based on evidence submitted to the Court, it is the finding of the Court that Respondent, Kathy D. McNatt, is cohabiting with a member of the opposite sex. Therefore, pursuant to the Code of Alabama § 30-2-55 the payment of periodic alimony by Petitioner, James Mark McNatt, is terminated as of the date of filing the Petition being August 13, 2003."
The trial court heard evidence ore tenus.
 "Under the ore tenus rule, the trial court's judgment and all implicit findings necessary to support it carry a presumption of correctness and will not be reversed unless found to be plainly and palpably wrong. The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment."
Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A.,608 So.2d 375, 378 (Ala. 1992) (citations and internal quotation marks omitted). This presumption is based on the trial court's unique position to directly observe the witnesses and to assess their demeanor and credibility. Williams v. Williams,402 So.2d 1029, 1032 (Ala.Civ.App. 1981).
 "It is a question of fact for the trial court to determine as to whether a former spouse is living openly or cohabiting with a member of the opposite sex in order to authorize a termination of periodic *Page 946 
alimony under § 30-2-55, Code of Alabama 1975. The burden of proof as to that matter is upon the party seeking relief under the code section. The trial court's decision upon that issue will not be revised upon an appeal unless, after considering all the evidence and the reasonable inferences therefrom, the trial court was palpably wrong."
Knight v. Knight, 500 So.2d 1113, 1115 (Ala.Civ.App. 1986). "[C]ohabitation requires some permanency of relationship coupled with more than occasional sexual activity between the cohabitants." Hicks v. Hicks, 405 So.2d 31, 33 (Ala.Civ.App. 1981); see also Vaughn v. Vaughn, 507 So.2d 960 (Ala.Civ.App. 1987). Direct evidence of sexual intercourse is rarely available, but "sexual intercourse can be inferred from a chain of circumstances." Penn v. Penn, 437 So.2d 1053, 1055
(Ala.Civ.App. 1983); see also Kennedy v. Kennedy, 598 So.2d 985
(Ala.Civ.App. 1992). To evaluate the permanency of a relationship to determine whether a former spouse is cohabiting with a member of the opposite sex, this court has considered whether the former spouse is sharing a dwelling with a member of the opposite sex; whether the former spouse has ceased to date other members of the opposite sex; payment of the former spouse's creditors by a member of the opposite sex; and the purchase of clothes for the former spouse by a member of the opposite sex. Knight v.Knight, 500 So.2d at 1115.
The former husband filed a petition to terminate his periodic-alimony obligation on August 13, 2003. There was a hearing on January 27, 2004, which resulted in an order that terminated his periodic-alimony obligation. At the hearing, the former husband called two witnesses — his former wife and Alan Judd, a private investigator.
The former wife testified as a hostile witness. She admitted that she had rented a room at a dwelling owned by Timothy Goins. She testified that she paid him $250 rent per month pursuant to an oral lease agreement and that such agreements are not uncommon among those who work for her former employer. In fact, she testified that her former employer often makes information regarding local rental properties near job sites available, as they did in this case. The former wife testified that she rented this room in anticipation of a job in Lake Charles, Louisiana. However, that job has been postponed and the former wife is currently unemployed. The former wife has her own bedroom and bathroom in the dwelling. Goins's bathroom and bedroom are located at the opposite end of the dwelling. Goins is often not present at the dwelling due to his work on an offshore oil rig.
The former wife and Goins do not share expenses, but she does pay her portion of the long-distance telephone bill. Her monthly expenses include: rent; the telephone bill; food and clothing expenses; an automobile payment; automobile insurance; and medical expenses. Goins has never paid any of the former wife's creditors. Goins has never bought the former wife clothing. The former wife's sole source of income at the time of the hearing was unemployment benefits. However, the record does not reflect what amount of unemployment benefits she receives. The record is also silent as to any other means of support that the former wife might possess.
The former wife testified that she has never had a sexual relationship with Timothy Goins and that they were not dating. There was no testimony that indicated that the former wife and Goins had a relationship, other than a landlord/tenant relationship.
Alan Judd, a private investigator retained by the former husband, was the *Page 947 
only other witness to testify at the January 27, 2004, hearing. His testimony was that he had confirmed that the former wife lived at the house owned by Goins. He also confirmed that she had her own mailing address, a post office box. Judd testified that he did not see the former wife at the residence at any time, that he did not see Goins at the residence at any time, and that he did not see Goins's or the former wife's vehicle at the residence.
The former husband entered a number of documents into evidence. Among those were copies of the former wife's 2002 federal income tax return, her driver's license registration, her voter registration, her automobile registration, and her proof of automobile insurance. All of those documents bear either the former wife's mailing address or the address of her actual physical residence. The former wife admits that she lives at a residence owned by Goins and that she has a post office box.
Although the trial court's judgment is clothed in a presumption of correctness, "[t]his presumption is rebuttable and `may be overcome by the lack of evidence or where the evidence presented to the trial court is [in]sufficient to sustain its judgment.'"Hicks v. Hicks, 405 So.2d at 32 (quoting Cougar Mining Co. v.Mineral Land Mining Consultants, Inc., 392 So.2d 1177, 1178
(Ala. 1981)). The record reveals that the former husband did not meet his burden of establishing either the permanency of the relationship or more than occasional sexual activity between cohabitants as required by § 30-2-55, Ala. Code 1975. See Vaughnv. Vaughn, supra; Hicks v. Hicks, supra; and Elsevier v.Elsevier, 395 So.2d 73 (Ala.Civ.App. 1980).
The trial court did not err when it did not consider an alleged arrearage in alimony. The former wife never raised this issue before the trial court. "This court will not review an issue raised for the first time on appeal." Landers v. O'Neal Steel,Inc., 564 So.2d 925, 926 (Ala. 1990).
The former husband did not produce substantial evidence to show the permanency of a relationship or more than occasional sexual activity (or any sexual activity at all). The former husband utterly failed to meet the burden placed on him by § 30-2-55, Ala. Code 1975.
The former wife's request for an attorney fee on appeal is granted in the amount of $1,000.
REVERSED AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
YATES, P.J., dissents, without writing.