BRYAN, Judge,
dissenting.
I respectfully dissent from the opinion of the majority.
In Parish v. Parish, 374 So.2d 348, 349-50 (Ala.Civ.App.1979), the first case interpreting § 30-2-55, Ala.Code 1975, after it was enacted in 1978, this court stated:
“In giving this statute a rational, sensible construction, Dixie Coaches v. *544 Ramsden, 238 Ala. 285, 190 So. 92 (1939), we find the legislature intended to strike a balance between the occasional brief sojourn and the common-law marriage. Thus, while not every occurrence of postmarital unchastity by a former spouse will bar the right to alimony, O’Dell v. O’Dell, 57 Ala.App. 185, 326 So.2d 747 (1976); Rubisoff v. Rubisoff 242 Miss. 225, 133 So.2d 534 (1961), a petitioner need not prove the former spouse is habitually living with another and that the couple consider themselves married. See, e.g., N.Y. Dom. Rel. Law § 248 (McKinney 1977); Northrup v. Northrup, 43 N.Y.2d 566, 402 N.Y.S.2d 997, 373 N.E.2d 1221 (1978). The question of whether the petitioner under this statute has met the burden of proof is ultimately a question of fact.”
More than 30 years have passed since Parish was decided, and, as history reveals, § 30-2-55 has proven to be frustratingly difficult to enforce and interpret uniformly across the state. This is so mainly because the determination of whether a former spouse is cohabitating within the meaning of § 30-3-55 is, as we stated in Parish, supra, a question of fact.
Appellate-court judges rely heavily on a trial court’s findings of fact because, as has been stated numerous times before, this court has only a cold transcript to rely on, while the trial-court judge “ ‘had the opportunity to observe the witnesses as they testified, to judge their credibility and demeanor, and to observe what this court cannot perceive from a written record.’ ” Ex parte Farm, 810 So.2d 631, 638 (Ala.2001) (quoting Dobbins v. Dobbins, 602 So.2d 900, 901 (Ala.Civ.App.1992)). Although a trial court’s discretion in these matters is not unfettered, this court should reverse a judgment of the trial court in cases such as this only when the trial court is plainly and palpably wrong. Massey v. Massey, 678 So.2d 1146, 1147 (Ala.Civ.App.1996) (“We will uphold the determination [of the existence or the nonexistence of cohabitation] unless based upon all of the evidence and reasonable inferences the determination is plainly and palpably wrong.”). I simply cannot conclude that the trial court in this case exceeded its discretion by determining that the former wife was cohabitating with a member of the opposite sex.
I am firmly convinced that this court has veered too far off course in interpreting § 30-2-55. The record in this case supports a finding of cohabitation pursuant to § 30-2-55, as it was initially interpreted by this court; therefore, I must respectfully dissent from the conclusion reached by the majority.