This is an appeal by a defendant in a lawsuit commenced in March of 1980 and involving a dispute over an agreement by the defendant to deliver a line of clothing to the plaintiff and the plaintiff's agreement to purchase that line. The specifics of the lawsuit are irrelevant to the issues raised on appeal, which involve the question of whether or not the trial court abused its discretion in imposing sanctions under Alabama Rules of Civil Procedure, Rule 37, for the failure of the defendant to comply with discovery orders issued throughout this protracted proceeding. A history of the defendant's behavior with regard to discovery is contained in an order entered by the court on September 10, 1980, wherein the following appears:
 "On September 8, 1980, a hearing was held on Defendant's Motion for Relief from the Court's Order dated August 4, 1980, imposing sanctions against defendant for its failure to comply with court orders to respond to plaintiff's discovery. The Court heard the oral testimony of Warren S. Reese, who was defendant's previous attorney, and John R. Matthews, Jr. [plaintiff's attorney]. After consideration of said testimony, the arguments of counsel and the prior proceedings before this Court, the Court finds and ORDERS as follows:
 "1. In April, 1980, the plaintiff filed Interrogatories and a Request for Production of Documents to defendant in this action. A prior Request for Production of Documents had been served on defendant with the original complaint on April 1, 1980.
 "2. On June 6, 1980, this Court ordered that defendant respond to said discovery by June 11, 1980. This order was ignored by the defendant. On June 26, 1980, the Court entered a second order requiring that defendant respond to such discovery on or before July 11, 1980, and specifically warning defendant that its failure to do so would result in the imposition of sanctions. This order was also ignored by defendant.
 "3. On August 4, 1980, this Court heard arguments on plaintiff's Motion to Impose Sanctions, and on defendant's Motion to Extend the Time for Answer to the Complaint and to compel plaintiff to submit to deposition. The defendant had not filed any response to such discovery by the date of this hearing, and the defendant's present Alabama attorney offered no reason or explanation for such failure. The Court concluded that the defendant had willfully and deliberately refused to comply with its orders, so as to frustrate and delay these proceedings, and, in the belief that this Court could not enforce sanctions across state lines. After examination of the sanctions available under Rule 37, the Court concluded that the sanction imposed in its August 4 Order was the only sanction available under the circumstances.
 "4. On August 25, 1980, this Court held a hearing on defendant's Motion for Relief from the Sanctions imposed by the August 4 Order. Defendant's attorney requested that the hearing on this motion be continued so that he could produce testimony that his client had never received the Interrogatories and Requests for Production from Mr. Reese and had not been advised of the Court orders requiring response to same. Although defendant had not, even then, filed its responses to such discovery, the Court nevertheless continued the hearing on this motion until September 8, 1980.
 "5. In the hearing on September 8, 1980, the uncontroverted testimony established the following:
 "— The original Request for Production of Documents was served on defendant with the original complaint on April 1, 1980.
 "— The Interrogatories and the Second Request for Production of Documents were served by certified mail on defendant on April 28, 1980.
 "— The order dated June 6, 1980, was served by certified mail on the defendant and on its New York counsel on June 12, 1980. *Page 127 
 "— The order dated June 26, 1980, was served by certified mail on the defendant personally on July 1, 1980.
 "— Mr. Reese testified that he advised defendant's New York attorney on approximately ten occasions that it was imperative that defendant promptly respond to such discovery.
 "The defendant's present Alabama attorney made a tentative offer to supply certain documents in response to the Requests for Production and to provide `proposed' unsigned Answers to certain other Interrogatories. It was apparent from the statement of defendant's attorney that such responses were not full and complete and that the removal of sanctions and granting of relief would not assure plaintiff the full discovery ordered by the Court, but would most likely necessitate a new series of motions and hearings to assure defendant's compliance.
 "The September 8 hearing simply reinforces the Court's prior conclusion that the defendant willfully and deliberately engaged in obstructionist tactics to frustrate and delay the proceedings in this court. There have been at least five hearings involving discovery. This has been an unnecessary burden on the Court and an unnecessary expense to plaintiff. The plaintiff's right to a speedy and inexpensive adjudication has been completely frustrated.
 "6. The order imposing sanctions was appropriate under Rule 37, ARCP, and under the Pre-Rules Decisions of the Supreme Court of Alabama. Haas Lumber Co. v. Gibson, 172 Ala. 111, 54 So. 994, 1911; Gordon [Goodwin] v. Harrison, 6 Ala. 438, 1844. They were not imposed arbitrarily or capriciously, but only after repeated efforts by plaintiff's attorney and two court orders had been deliberately ignored. A rescission of the sanctions on the basis of these facts would not promote respect for the Court. Instead, it would encourage defendant and other litigants to ignore orders with which they did not wish to comply, with full assurance that if they were not successful in exhausting the other party, any sanctions could be removed by a subsequent offer to comply. This would promote contempt for the courts, unnecessary delay and expenses in the prosecution of actions, and general chaos in the disposition of lawsuits.
 "It is, therefore ORDERED and ADJUDGED, that Defendant's Motion for Relief from said Order imposing Sanctions be denied. However, the Court would favorably reconsider a subsequent motion by defendant in the event that defendant complies with the following:
 "(a) That it fully respond to plaintiff's discovery within 10 days from the date of this Order.
 "(b) That it file within fifteen days from the date of this order a motion for Relief, under the oath of Barton K. Schwartz, setting forth the specific facts upon which the defendant relies as the reason or excuse for its failure to comply with the orders of the Court. Said motion shall also set forth the names and addresses of the witnesses to be called by defendant in support of said motion. Defendant will attach to such motion copies of all exhibits and documents which the defendant intends to use. Defendant will, if requested by plaintiff, make such witnesses available for a prehearing deposition in Montgomery, Alabama. Such witnesses shall bring to such deposition and produce for plaintiff's inspection and copy, any and all documents, files and other materials requested by plaintiff, unless otherwise ordered by the Court.
". . . .
"DONE this 10th day of September, 1980.
 "/s/ Sam W. Taylor
"Circuit Judge"
Notwithstanding the offer of the trial court to entertain a second motion for reconsideration conditioned upon the defendant's complying with that order, the defendant did not do so, and the trial judge ordered a jury trial on the issue of *Page 128 
damages, which was held on December 16, 1980. The trial court entered a judgment on the jury verdict on the same day. Thereafter, the defendant filed a motion for a new trial, raising the same issues presented by this appeal, which was overruled. This appeal followed.
The appellant argues that the trial court abused its discretion in entering its August 4, 1980, order imposing sanctions for the failure of the defendant to comply with previous orders of the court. The 1980 order in pertinent part is as follows:
 "On June 6, 1980, the Court ordered that defendant fully answer plaintiff's interrogatories and fully respond to plaintiff's requests for production of documents on or before June 11, 1980.[1] The defendant has ignored that order.
 "On June 26, 1980, the Court entered a second order which provides:
 "`Although the defendant has, without adequate excuse, failed to comply with the orders of the court requiring defendant to respond to plaintiff's discovery by June 11, the court will not impose sanctions at this point. However, if defendant has not appropriately responded to plaintiff's interrogatories and requests for production of documents on or before July 11, 1980, the Court will impose appropriate sanctions under Rule 37, ARCP.'
 "Although the June 26 order was served on the defendant by certified mail on July 1, 1980, defendant has failed to comply with said order or to give any excuse for such failure to comply.
 "Plaintiff's request for production of documents and interrogatories seek to discover facts concerning his contentions that defendant induced plaintiff to enter into a contract to purchase women's apparel by false and fraudulent misrepresentations.
 "The defendant's refusal to respond to such discovery severely hinders plaintiff in the development of his evidence to support his contentions. No reason was given by defendant's new attorney as to why the Court Orders had not been complied with. The prior actions of the defendant in this action convince the Court that defendant has no intention of responding to such discovery or complying with the Orders of this Court. The Court has no alternative but to now impose sanctions in accordance with its order dated June 26.
 "The Court is of the opinion that the appropriate sanction to be imposed at this time is under Rule 37 (b)(2)(A).
 "It is, therefore, ORDERED, ADJUDGED and DECREED that it shall be hereafter taken to be established in this action that defendant, for the purpose of inducing plaintiff to execute contracts for the purchase of a substantial amount of clothing, made the following representations to plaintiff:
 "1. That defendant had created a line of women's clothing, with a selection of 10 to 30 styles, which would be available to choose from in April, 1979.
 "2. That fabric in said clothing was machine washable.
 "3. That it was necessary that plaintiff execute written contracts for the purchase of a dollar amount of goods, in order that plaintiff could be the exclusive dealer for defendant in Montgomery, Birmingham and Columbus, without violating the rules and regulations of the Federal Trade Commission.
 "4. That the representations described in paragraphs (1), (2) and (3) above were made by defendant, knowing that they were false.
 "5. That plaintiff relied on said representations in entering into said contracts with defendant.
 "6. That the contracts in question are void because of such misrepresentations."
[1] Plaintiff's first Request for Production of documents was served on defendant on April 1, 1980. Plaintiff's second Request for Production of Documents and plaintiff's Interrogatories were served on defendant's local counsel on April 23, 1980." (Footnote in original order.)
We find no abuse of discretion in imposing these sanctions. Rule 37, ARCP, *Page 129 
expressly provides for the imposition of such sanctions under the appropriate circumstances. In fact, the rule allows the entry of a default judgment against a defendant for failure to comply with discovery orders and, where the defendant's action has been dilatory and where a defendant has engaged in contumacious tactics, an appellate court should refuse to set aside such default. Michigan Window Cleaning Co. v. Martino,173 F.2d 466 (6th Cir. 1949).
As reflected in the orders of the trial court, this defendant was given every opportunity to comply with the trial court's orders. Although admonished to comply by its attorney, it repeatedly refused to do so. We agree with the trial court that such conduct cannot be sanctioned. The trial court has found that this defendant has willfully disregarded reasonable and necessary court orders and caused the plaintiff considerable delay and expense in having its claim adjudicated. We affirm the trial court's imposition of these sanctions, including the award of attorneys' fees, which likewise are expressly authorized in Rule 37. It has been observed that the sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which a court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited; however, where one party has acted with willful and deliberate disregard of reasonable and necessary court orders in efficient administration of justice, application of even so stringent a sanction is fully justified and should not be disturbed. TransWorld Airlines, Inc. v. Hughes, 332 F.2d 602 (2nd Cir. 1964), cert. dismissed, 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 87
(1965); 1 Lyons, Ala. Prac., Author's Comments to Rule 37.
Lastly, the appellant argues that the trial court erred in refusing to grant the new trial on the ground that the jury verdict is excessive. Again, we cannot agree. We have read the entire record in this case and, from the evidence reflected thereby, a jury could conclude that the defendant willfully and falsely misrepresented material facts to the plaintiff and, in addition, included on its order form a printed legend to the effect that the buyer and seller would be subject to the "basic trade provisions now approved and promulgated as of January 15, 1948, by the National Retail Dry Goods Association and the Apparel Industries Inter-Association Committee, including the provisions that all disputes or differences arising between the parties shall be settled by arbitration. . . ." There is evidence in this record to the effect that the associations referred to on the order form are bogus and non-existent. Witnesses testified to the effect that they had had decades of experience in the retail sale of women's clothing and had never heard of these associations. The defendant offered no evidence that they in fact existed.
Under the circumstances of this case, we hold that the trial court was justified under the express provisions of Rule 37, Alabama Rules of Civil Procedure, in imposing the specific sanctions which it did impose, and the jury was justified under the evidence in awarding damages in the amount of the verdict.
The judgment appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.