This is an appeal by defendants in a lawsuit commenced in August 1980, involving a sum of money allegedly due on open account and due by the issuance of worthless checks. The issues here involve only the question of whether the trial court abused its discretion in imposing a default judgment as a sanction under A.R.C.P. 37 for defendants' failure to comply with the court's discovery orders, and whether the court abused its discretion in refusing to set aside that default judgment on defendants' motion.
The record indicates that the complaint was filed on August 14, 1980 in the Jefferson County Circuit Court. The case was later transferred to Madison County, and defendants answered on January 20, 1981, pleading the general issue and filing a counterclaim. A pretrial conference was held on January 13, 1981, and a default judgment was entered against defendants for their failure to appear. On motion by defendants, this default judgment was set aside on January 16, and a new pretrial conference was set.
Pursuant to plaintiff's motion to dismiss, the court at the new pretrial conference ordered defendants to amend their counterclaim to state specific allegations. Defendants were allowed ten days in which to amend the pleadings. The pleadings were not amended within the proper time limit, and plaintiff's subsequent motion to dismiss was granted on June 3, 1981. No reason for defendants' failure to amend was given.
Plaintiff thereafter served upon defendants a set of interrogatories and requests for production of documents on November 5, 1981. Defendants failed to respond within the allotted time period, and plaintiff *Page 1073 
moved to compel those responses. The motion to compel the responses was granted on December 10, 1981, and the court ordered defendants to answer the interrogatories and produce the requested documents within fifteen days. Defendants still made no response, and on December 30, 1981 plaintiff filed a motion for sanctions pursuant to A.R.C.P. 37.
Defendants filed a response to plaintiff's motion for sanctions, requesting that the court deny the motion, and alleging that Holt, the individual defendant, had had physical problems which justified the delay; that Holt had recently moved his business from one location to another and was having problems getting his mail forwarded to his new address; and that counsel for defendants had had problems in communicating with defendants concerning the lawsuit.
A hearing on plaintiff's motion for sanctions was held on January 25, 1982. The transcript of the hearing indicates that defendants, although informed of the time and place of the hearing, were late in arriving. During the hearing the court was apparently in possession of a copy of plaintiff's propounded interrogatories. Penciled in the margin of this copy were several purported answers to the interrogatories, placed there by defendant Holt. Statements of counsel, and testimony by Holt, indicated that the fault of defendants' failure to respond rested not with defendants' counsel, but with defendants themselves. Holt's testimony during the hearing confirmed the allegations contained in defendants' response to the motion for sanctions. There appears to have been no attempt to produce answers to the interrogatories at the hearing.
The court rendered an order on plaintiff's motion for sanctions, finding that:
 [T]he plaintiff had previously filed a motion for sanctions against the defendants based upon the failure of the defendants to answer the interrogatories and to respond to the request for production of documents forwarded to those defendants on November 3, 1981, and it appearing to the Court that on December 10, 1981, this Court entered an order requiring the defendants to answer the interrogatories and respond to the production of documents within 15 days or be subject to sanctions as allowed by law and it further appearing to the Court that the defendants have failed to respond to the interrogatories in the manner provided by law and presently [fail] to answer the interrogatories as required by law, this Court is of the opinion that a default should be entered in favor of the plaintiff and against the defendants.
Plaintiff was granted leave to submit an affidavit supporting his claim for damages. Affidavits were submitted by plaintiff; defendants filed no response. A final judgment of default was entered against defendants on February 12, 1982 granting to plaintiff the sum of $9,996.91 in damages plus costs.
Defendants thereafter filed a motion to set aside the default judgment, requesting a new hearing on the matter. The court denied defendants' motion, and defendants appeal.
Rule 37, A.R.C.P., expressly provides for the imposition of sanctions in appropriate circumstances. The rule provides in pertinent part:
(b) Failure to Comply with Order.
. . . .
 (2) Sanctions by Court in Which Action is Pending.
If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
. . . .
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
The application of the sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which a court may apply. Ultracashmere *Page 1074 House, Ltd. v. Meyer, 407 So.2d 125 (Ala. 1981). However, the imposition of such a sanction can be justified in appropriate circumstances. The Alabama Supreme Court has held that "wilfulness" on the part of the party failing to comply with a discovery order is a key factor for the imposition of the sanction of dismissal or entry of a default judgment. Weatherlyv. Baptist Medical Center, 392 So.2d 832 (Ala. 1981). Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of a default judgment.Ultracashmere House, Ltd. v. Meyer, supra.
Viewing the conduct of defendants during the course of the present case, we find no abuse of discretion in the trial court's entering a default judgment against defendants. A default judgment had previously been entered against defendants for failure to attend the first pretrial conference. Defendants also failed to amend the pleadings on their counterclaim, although they had been allowed additional time to do so; no excuse for their failure was offered, and the counterclaim was dismissed. Defendants clearly violated the court's discovery order of December 10, 1981 by failing to respond to plaintiff's interrogatories and requests to produce. At the hearing on plaintiff's motion for sanctions, defendants were late in attending the proceeding, apparently with no excuse. Defendant Holt offered several excuses for his failure to comply with the order, none of which appeared to satisfy the court.
Furthermore, as of the date of the entry of default, it appears that no response to the interrogatories and requests to produce had been forthcoming. The court specifically found that the penciled statements written on a copy of plaintiff's interrogatories "[did] not comply with the rules of civil procedure for the State of Alabama," and did not constitute a proper response.
The above evidence would certainly justify the conclusion that defendants apparently had no intention of complying with the court's discovery order. The fault for the failure to respond rests upon defendants themselves, not upon defendants' counsel. The trial court could properly have found that defendants' conduct was sufficiently contumacious to justify the imposition of the severe sanction of a default judgment. When a defendant's conduct has been dilatory and contumacious, an appellate court should refuse to set aside such a default judgment. Ultracashmere House, Ltd. v. Meyer, supra.
Defendants next argue that the trial court abused its discretion in failing to set aside the default judgment on defendants' motion. Setting aside a judgment of default rests with the sound discretion of the trial court. An appellate court will not overturn the trial court's grant or refusal unless there is a clear abuse of discretion. Wade v. Pridmore,361 So.2d 511 (Ala. 1978). As we stated above, we find no abuse of discretion in the imposition of the sanction. To now set aside the order of the court would be to condone the conduct of defendants in refusing to comply with a discovery order. Defendants have shown no indication that they are willing to comply with the order. We find no abuse of discretion in the court's refusing to set aside the default.
Defendants also mention in brief that the issue of damages in a default situation should have gone to the jury, since defendants had previously appeared in the action and demanded a jury trial. We cannot agree. Rule 55 (b)(2), A.R.C.P., provides:
 If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury pursuant to the provisions of Rule 38.
Under former practice, before the rule was adopted, if the defendant had previously appeared in the action and demanded a jury trial, there was no method of nonjury determination *Page 1075 
upon the defendant's default. See Comments to A.R.C.P. 55. However, with the implementation of rule 55, a default is treated as a waiver of a prior jury demand. Id.; see also
Comments to A.R.C.P. 38.
Accordingly, defendants have waived their right to jury trial upon the issue of damages.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.