536 So.2d 41 (1988)
Ex parte John B. LEVERTON.
(In re John B. LEVERTON v. Dr. R.B. KENT, et al.)
87-393.
Supreme Court of Alabama.
September 23, 1988.
Ralph E. Coleman, Birmingham, for petitioner.
W. Stancil Starnes of Starnes & Starnes, Birmingham, for respondents.
ADAMS, Justice.
Petitioner, John B. Leverton, filed his petition for a writ of prohibition to be issued to Jefferson County Circuit Judge Josh Mullins to prevent Judge Mullins from executing his December 18, 1987, order requiring the petitioner to make his expert available for deposition in Jefferson County, Alabama. We find that the petition is due to be denied.
This petition concerns a medical malpractice action, which arose from the following facts:
Leverton was injured at work while lifting a heavy drum in June 1978. He was diagnosed by his doctorDr. Cibulskias having suffered a double hernia. Dr. Cibulski referred Leverton to Dr. R.B. Kent.
Dr. Kent performed hernia repair surgery on Leverton in July 1978. In January 1979, Leverton began to have pain in the area of the surgery. He returned to Dr. Kent, who diagnosed his problem as another hernia, which he said should be repaired. Surgery was performed in February 1979. Subsequently, Leverton began to experience pain and swelling of a testicle. Dr. Kent was informed of this problem, and advised Leverton that this reaction was normal. The testicle later became atrophic and had to be removed as a result of the alleged negligently performed surgery. A Dr. Wells was retained to repair the damage by doing a third surgery.
Leverton timely filed a malpractice action in the Circuit Court of Jefferson County, Alabama. He then retained Dr. William Morton, an Atlanta, Georgia, urologist, as his expert physician witness. Counsel for Dr. Kent expressed a desire to depose Dr. Morton, and a deposition was taken in Dr. Morton's office in Atlanta, Georgia, on September 3, 1987. During the deposition, a dispute arose between Dr. Morton and Dr. Kent's counsel as to the completeness of one of Dr. Morton's answers. As a result of this dispute, Dr. Morton ended the deposition. Counsel for Dr. Kent, on October 21, 1987, filed a motion in Jefferson County to compel the plaintiff to tender the expert witness for completion of his deposition before the court. A hearing was held on this motion on December 18, 1987, at which time Judge Mullins granted the motion and ordered the petitioner to produce his expert witness for deposition in Jefferson County, with the deposition to be monitored by the Circuit Court of Jefferson County, Alabama.
*42 The issue presented in this case is whether a trial judge in this State has the authority to require a litigant (whose case is before that judge) to produce for deposition within the circuit an out-of-state resident that the litigant intends to call as a witness. Rule 37(a)(1), Ala.R.Civ.P., states in pertinent part:
"An application for an order to a deponent who is not a party and whose deposition is being taken within the state, may be made to the court in the circuit where the deposition is being taken or in which the action is pending. An application for an order to a deponent who is not a party on matters relating to a deposition being taken outside the state, shall be made to any court having general civil jurisdiction in the place where the deposition is being taken."
Therefore, the petitioner argues that a trial judge in Alabama has no jurisdiction over a non-party out-of-state expert witness whose deposition is taken outside the State of Alabama. Petitioner suggests to us that this is not a matter for the sound discretion of the trial judge, contrary to what was stated in Tucker v. Tucker, 416 So.2d 1053 (Ala.Civ.App.1982), and that, in fact, the trial judge has no discretion to exercise because of a lack of jurisdiction over the deponent. Petitioner cites B.F. Goodrich Tire Co. v. Lyster, 328 F.2d 411 (5th Cir. 1964) and Lincoln Laboratories, Inc. v. Savage Laboratories, 27 F.R.D. 476 (D.Del.1961), as support for this proposition.
Respondent, on the other hand, argues that this matter is within the sound discretion of the trial judge, citing Johnson v. Langley, 495 So.2d 1061 (Ala.1986), Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984), Ultracashmere House Ltd. v. Meyer, 407 So.2d 125 (Ala.1981), and Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981), and further suggests that the trial court should have the power to issue sanctions for failure of the petitioner to comply with the court's order. Independent Productions Corp. v. Loew's, Inc., 27 F.R.D. 426 (S.D.N.Y.1961), and General Houses, Inc. v. Marloch Manufacturing Corp., 239 F.2d 510 (2d Cir.1956).
Rule 37, Ala.R.Civ.P., controls this question, and we set it out in its entirety:
"Failure to make discovery: Sanctions.
"(a) Motion for order compelling discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
"(1) Appropriate court. An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition being taken within the state in a circuit other than the circuit in which the action is pending, to the court in the circuit where the deposition is being taken. An application for an order to a party on matters relating to a deposition being taken outside the state may also be made to any court having general civil jurisdiction in the place where the deposition is being taken. An application for an order to a nonparty on matters relating to a request for production or inspection of materials within this state shall be made to the court in the circuit where the discovery is being sought or the court in the circuit where the action is pending. An application for an order to a deponent who is not a party and whose deposition is being taken within the state, may be made to the court in the circuit where the deposition is being taken or in which the action is pending. An application for an order to a deponent who is not a party on matters relating to a deposition being taken outside the state, shall be made to any court having general civil jurisdiction in the place where the deposition is being taken.
"(2) Motion. If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or Rule 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for production or inspection submitted under Rule 30(b)(5), or if a party in a response to a request for production or inspection submitted under Rule 34, fails to respond *43 that production or inspection will be permitted as requested or fails to produce or permit inspection as requested, or if a person objects to or fails to comply with a subpoena under Rule 34(b)(2)(B), in whole or in part, the discovering party may move for an order compelling an answer, or designation, or an order compelling production or inspection in accordance with the request or subpoena. If a person or a party objects to the notice of a proposed subpoena under Rule 34(b)(2)(A), the discovering party may move for an order compelling issuance of the subpoena. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
"If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c).
"(3) Evasive or incomplete answer. For the purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.
"(4) Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
"If the motion is denied, the court shall, after opportunity for hearing, require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
"If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.
"(b) Failure to comply with order.

"(1) Sanctions by a circuit judge or court in place where deposition is taken or production sought. If a deponent fails to be sworn or to answer a question after being directed to do so by a circuit judge or, when the deposition is being taken outside the state, by the court in the place in which the deposition is being taken; or, if a person, not a party, fails to permit production of documents or entry upon land under Rule 34 after being directed to do so by a circuit judge or, when production or entry is being sought outside the state, by the court in the place where the documents, things, or land are located, the failure may be considered a contempt of court.
"(2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent or a party or a person designated under Rule 30(b)(6) or Rule 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
"(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
"(D) In lieu of any of the foregoing orders or in addition thereto, an order *44 treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
"(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.
"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
"(c) Expenses on failure to admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.
"(d) Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or Rule 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or to comply with a properly served request for production under Rule 30(b)(5), without having made an objection thereto, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for production or inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).
"(e) Omitted.

"(f) Omitted.

"(dc) District court rule. Rule 37 applies in the district courts in those instances in which discovery has been permitted pursuant to Rule 26(dc). (Amended 1-4-82, eff. 3-1-82.)"
After a thorough analysis of Rule 37, we are compelled to agree with petitioner to the extent that an Alabama trial court does not have jurisdiction over a non-party out-of-state witness, such as Dr. Morton in this case. Rule 37(a)(1), A.R.Civ.P., indicates that the defendant's motion should have been filed in a Georgia court with general civil jurisdiction in Atlanta, Georgia. We, therefore, cannot hold that Judge Mullins had jurisdiction to force Dr. Morton to submit to a deposition in Jefferson County, Alabama. However, our review of the record reveals that Judge Mullins did not order the out-of-state witness to appear in Jefferson County for deposition. The motion of the defendant was a request that the court have the plaintiff make his expert witness available for deposition in Jefferson *45 County. This is what the judge ordered. He has the power to do so under his general power to control his court and his trial docket. The order is to the party whose presence he has. Let us be mindful of the fact that this is not a fact witness, as such, but an opinion witness, presumably paid with the plaintiff's funds. We are not to be interpreted as holding that all out-of-state expert opinion witnesses can be required to come to Alabama. But the judge, in the exercise of his discretion, may order a party to produce the witness who, in his opinion, is a recalcitrant one. And he has under Rule 37(b)(2), as well as under Rule 26(b)(4)(A)(i), Ala.R.Civ.P., a plethora of options available to be used as sanctions at his discretion if the petitioner does not comply with his order. His choice of sanctions will not be set aside except in the case of clear abuse. Ultracashmere House, Ltd. v. Meyer, 407 So.2d 125 (Ala.1981); Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981).
For the foregoing reasons, the petition for writ of prohibition is due to be denied.[1]
WRIT DENIED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY and STEAGALL, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I think that portions of Dr. William Morton's responses to questions asked by the attorney for Dr. R.B. Kent show clearer than any words I can write why the trial court did not abuse its discretion in requiring the plaintiff to make his medical expert available for deposition in Jefferson County, Alabama, to be monitored by the Circuit Court of Jefferson County, Alabama. During the 56-minute deposition in Atlanta, Georgia, Dr. Morton called the attorney for Dr. Kent a "J-E-R-K, Jerk," suggested that "somebody ought to teach [Dr. Kent's attorney] how to take a deposition," and said that Dr. Kent's attorney "better go take a lesson in listening." Dr. Morton further stated the following in response to questions asked him by Dr. Kent's attorney:
"You keep asking me the same stupid questions, and it's stupid because it's repetitive. And I hope he [the court reporter] is taking it down because I want the jury to hear this.
"This is the worst deposition I have ever been involved in. You have asked me the same question fifteen times. We could have been out of here in thirty minutes. And you do not in any way intimidate me at all...."
". . .
"Q. ... I gather you are of the opinion that the fact this patient lost his testicle necessarily means Dr. Kent did something wrong at the time of surgery. Am I correct about that?
"A. Have you heard me say that before? Have you heard me say that before?
"Q. Let me just ask you this way then; is it your opinion that the fact that Dr. that this patient lost his testicle necessarily means Dr. Kent did something wrong at the time of surgery?
"A. Get out of this office before I bodily throw you out of this office. Now, you have finally got to me, Jack, and you're getting the hell out of here right now, or I'm throwing you out of here. Now, you get out of here or else I'll have a policeman in here and get you out of here. You'll notice that I'm not touching you, but I will call a cop, and I'll have you out of here in five minutes.
". . .
"A. ... Now, you, sir, are a jerk. You have asked me that same question, and I've answered it, and that is it for today. Goodbye, get out of here. And I hope to hell I do see you again sometime.
"And if you accomplished what you wanted to accomplish, which you didn't you're stupid. That's what the doctors *46 have guys like you representing them [sic]. This man needs to go to a real lawyer, and I could talk to him and settle this whole thing and get the darn thing over with instead of dragging it out for three years.
"Keep it up. I want you to hear it all. Just get out of here...."
The witness "doth protest too much, methinks." I concur in the judgment denying the writ.
NOTES
[1] We specifically do not address in this opinion the issue of whether Dr. Morton complied with Rule 26(b), Ala.R.Civ.P., in his answers to respondent's counsel during the September 3, 1987, deposition.