Rel: December 15, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0027

_____

**In re: Omni Healthcare Financial, LLC**

**(In re: Amy Lee Walker**

**v.**

**Eric Irvin Reese and SCP Distributors, LLC)**

**Appeal from Dale Circuit Court**
**(CV-22-000004)**

BRYAN, Justice.

Omni Healthcare Financial, LLC ("Omni"), appeals from an order

of the Dale Circuit Court holding Omni in contempt of court for failing to

comply with a nonparty subpoena. For the reasons explained below, we reverse the contempt order and remand this cause for further proceedings.

Background

The underlying action in this case involves claims asserted by Amy Lee Walker against Eric Irvin Reese and SCP Distributors, LLC ("the defendants"), arising from an automobile collision. Walker commenced the action in the Montgomery Circuit Court, but the action was later transferred to the Dale Circuit Court ("the circuit court").

Omni is a North Carolina-based factoring[1] company that purchased certain accounts receivable from a medical provider who had treated Walker. The relevant accounts receivable are secured by an interest in any recovery that Walker obtains from this action against the defendants. On May 18, 2022, the defendants served a nonparty subpoena on Omni's registered agent in Alabama, seeking the production of certain documents. Omni did not respond to the subpoena within the

---

[1]"Factoring" is defined as: "The buying of accounts receivable at a discount. • The price is discounted because the factor (who buys them) assumes the risk of delay in collection and loss on the accounts receivable." Black's Law Dictionary 738 (11th ed. 2019).

initial time allotted, but it later submitted a response providing certain documents but also asserting certain objections to the subpoena.

On June 22, 2022, the defendants filed a motion asking the circuit court to hold Omni in contempt of court for failing to comply with the subpoena or, alternatively, to order Omni to show cause why it should not be held in contempt. On July 28, 2022, Omni submitted a response to the defendants' motion. Omni also filed in the circuit court a motion to quash the subpoena.

The circuit court conducted a hearing regarding the defendants' contempt motion on August 2, 2022. On August 5, 2022, the circuit court entered an order granting the defendants' motion to hold Omni in contempt, ordering Omni to produce the requested documents without objection, requiring Omni to pay expenses of the defendants, and denying Omni's motion to quash the subpoena.

Omni filed a motion to alter, amend, or vacate the circuit court's August 5, 2022, order. Omni's motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Omni appealed. See Rule 70A(g)(2), Ala. R. Civ. P. See also Moultrie v. Wall, 143 So. 3d 128, 134 (Ala. 2013)("This Court has previously reviewed a contempt adjudication by appeal even

3

though there had not been a final judgment on the merits in the underlying proceeding.").

Analysis

On appeal, Omni asserts three primary arguments. However, we conclude that Omni's first argument is dispositive in this case; therefore, we do not consider Omni's other two arguments and express no opinion regarding them. In its first argument, Omni asserts that the circuit court erred by holding it in contempt because, Omni contends, the subpoena at issue was invalid. Omni relies primarily on In re National Contract Poultry Growers' Ass'n, 771 So. 2d 466 (Ala. 2000), in support of its argument.

In re National Contract Poultry Growers' Ass'n involved a defendant who had requested that the trial court issue a nonparty subpoena to the National Contract Poultry Growers' Association ("the NCPGA"), a corporation whose principal place of business was in Louisiana. The NCPGA did not respond to the subpoena, and the trial court eventually held the NCPGA in contempt, ordering it to, among other things, comply with the subpoena. The NCPGA appealed to this Court.

4

This Court concluded that the trial court had lacked authority to issue a nonparty subpoena directed to the NCPGA because the requested documents were located outside of Alabama's boundaries; the Court stated: "[T]he subpoena had to be issued by a Louisiana court and had to be served in accordance with Louisiana law." Id. at 469.

The Court explained:

"When one seeks a subpoena to secure the attendance of a witness, or to procure the production of documents, located outside the state, a different procedure is warranted. Although we find no Alabama decision addressing this specific situation, one commentator has stated the applicable procedure:

"'Process beyond the jurisdiction of the courts to which these rules apply must depend upon the existence of a rule or statute in the other state or country which makes available compulsory process to foreign litigants who desire to return to their home state for trial with the fruits of discovery thus obtained. For our rule extending this courtesy to foreign litigants who need discovery in Alabama for actions pending outside of Alabama, see Rule 28(c)[, Ala. R. Civ. P.,] which makes our Rule 45[, Ala. R. Civ. P.,] available.'

"1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 45.2 (3d ed. 1996). This procedure accords with the procedure used in other jurisdictions to secure the issuance of a subpoena for the attendance of a person, or the production of documents from a nonparty, located outside the state's boundaries."

5

Id. Thus, the Court held: "NCPGA cannot be held in contempt for failing to respond to th[e] subpoena. The judgment of the trial court holding NCPGA in contempt of court is reversed and this cause is remanded." Id. at 470.

Rule 37(b), Ala. R. Civ. P., provides the procedure for seeking sanctions for failure to comply with an order compelling discovery. Rule 37(b)(1) states, in pertinent part:

> "(1) Sanctions by a Circuit Judge or Court in Place Where Deposition Is Taken or Production Sought. … [I]f a person, not a party, fails to permit production of documents … under Rule 45(a)(3)[, Ala. R. Civ. P.,] after being directed to do so by a circuit judge or, when production or entry is sought outside the state, by the court in the place where the documents … are located, the failure may be considered a contempt of court."

(Emphasis added.)

In this case, it is undisputed that the documents at issue are located at Omni's facilities in North Carolina. It is also undisputed that the defendants have not asked a North Carolina court to direct Omni to produce the documents. Thus, it is clear that the defendants did not comply with the requirements of Rule 37(b) in seeking to hold Omni in contempt of court.

As Omni points out, in 2011 North Carolina enacted the North Carolina Uniform Interstate Depositions and Discovery Act ("the NCUIDDA"), N.C. Gen. Stat., § 1F-1 et seq., which provides a procedure for addressing foreign discovery requests. Section 1F-3(a) of the NCUIDDA states, in pertinent part: "To request issuance of a subpoena under this section, a party must submit a foreign subpoena to a clerk of court in the county in which discovery is sought to be conducted in this State." Notably, § 1F-7 of the NCUIDDA provides: "In applying and construing this Chapter, consideration shall be given to the need to promote uniformity of the law with respect to its subject matter among states that have enacted the Uniform Interstate Depositions and Discovery Act."

In 2012, Alabama enacted the Alabama Uniform Interstate Depositions and Discovery Act, § 12-21-400, et seq., Ala. Code 1975. Similar to the NCUIDDA, the Alabama Uniform Interstate Depositions and Discovery Act provides, in relevant part:

> "(a) In applying and construing this uniform act, consideration shall be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it.

"(b) The privilege extended to persons in other states for discovery under this article shall only apply if the jurisdiction where the action is pending has extended a similar privilege to persons in this state."

§ 12-21-406, Ala. Code 1975.

Thus, the plain language of both North Carolina law and Alabama law directs courts to consider the need to promote uniformity of the law with respect to matters involving interstate discovery. Moreover, the plain language of Alabama law also requires that other states permit litigants in Alabama to obtain discovery from their residents as a prerequisite for a similar privilege being applicable regarding discovery sought from Alabama residents.

Consistent with these notions of comity, Rule 37(b) plainly provides for the involvement of foreign courts in obtaining from nonparties documents located entirely within the territories of such courts. Consequently, the circuit court erred by holding Omni in contempt in this case. Therefore, we reverse the circuit court's order holding Omni in contempt of court and remand this cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Parker, C.J., and Shaw, Wise, Sellers, Mendheim, Stewart, and Mitchell, JJ., concur.

Cook, J., concurs specially, with opinion.

COOK, Justice (concurring specially).

I concur fully with the main opinion's conclusion that the Dale Circuit Court lacked the authority to hold Omni Healthcare Financial, LLC, in contempt after it failed to comply with a nonparty subpoena directing it to produce documents that are located outside Alabama. I write specially, however, to highlight for the bench and the Bar the distinction that this Court has previously made between a trial court's subpoena power and its personal jurisdiction over a <u>nonparty</u> in deciding whether a trial court has the authority to compel a nonparty to comply with a subpoena directing it to produce out-of-state documents.

As noted in the main opinion, in <u>In re National Contract Poultry Growers' Ass'n</u>, 771 So. 2d 466 (Ala. 2000), this Court concluded that the trial court had lacked authority to compel a nonparty to produce the documents at issue that were located outside Alabama. In reaching our conclusion in that case, this Court explained that, even if an Alabama trial court could exercise <u>personal jurisdiction</u> over a nonparty, this did not necessarily mean that it had the authority to <u>compel the production of documents located out of the state</u> because "[t]he underlying concepts of personal jurisdiction and subpoena power are entirely different." 771

So. 2d at 469. This Court explained:

> "Personal jurisdiction is based on conduct that subjects the nonresident to the power of the Alabama courts to adjudicate its rights and obligations in a legal dispute. … By contrast, the subpoena power of an Alabama court over an individual or a corporation that is not a party to a lawsuit is based on the power and authority of the court to compel the attendance of a person at a deposition or the production of documents by a person or entity. See Ex parte Leverton, 536 So. 2d 41, 44 (Ala. 1988) (state trial court does not have jurisdiction over a nonparty, out-of-state witness)."

Id.

Other jurisdictions have likewise recognized this distinction. See, e.g., Yelp, Inc. v. Hadeed Carpet Cleaning, Inc., 289 Va. 426, 438, 770 S.E.2d 440, 446 (2015) (recognizing that, "[a]lthough the General Assembly has expressly authorized Virginia courts to exercise personal jurisdiction over nonresident parties, it has not expressly authorized Virginia courts to compel nonresident non-parties to produce documents located outside of Virginia"); Syngenta Crop Prot., Inc. v. Monsanto Co., 908 So. 2d 121, 128 (Miss. 2005) (concluding that, because personal jurisdiction and subpoena power are different concepts, Mississippi courts do not have authority "to compel … nonresident nonparties[] to produce documents located out of th[e] state" even if the nonparty has a registered agent present in the state); and Phillips Petroleum Co. v. OKC

11

Ltd. P'ship, 634 So. 2d 1186, 1189 (La. 1994) (holding that Louisiana courts lacked authority to "order a nonresident nonparty witness to appear and/or produce documents … in Louisiana" when the nonparty was authorized to do business in Louisiana and maintained an agent for service of process in Louisiana).

In highlighting this distinction, I hope to provide the bench and the Bar with some additional clarity as to what authority trial courts have in Alabama to compel nonresident nonparties to produce documents located out of the state.