The parties were divorced in May 1979. The divorce decree required the husband to pay the wife periodic alimony. Subsequently, in April 1990, the wife filed a petition for rule nisi, alleging that the husband had failed to make the periodic alimony payments required by the decree. In response, the husband counterpetitioned for an order terminating alimony pursuant to § 30-2-55, Ala. Code 1975. Following an ore tenus proceeding, the trial court held that the wife had cohabited with a member of the opposite sex within the meaning of §30-2-55 and terminated the wife's alimony *Page 986 
on this ground. The wife appeals, contending that the evidence is insufficient to support the trial court's judgment. We affirm.
Under § 30-2-55 a trial court may terminate periodic alimony upon petition and proof that the spouse receiving the alimony is "living openly or cohabiting with a member of the opposite sex." A petitioner must prove some permanency of relationship, along with more than occasional sexual activity in order to establish cohabitation. Hicks v. Hicks, 405 So.2d 31
(Ala.Civ.App. 1981). Factors that suggest "some permanency of relationship" include evidence that the former spouse and the alleged cohabitant occupied the same dwelling and shared household expenses. Id. Whether a petitioner actually meets the burden of proof and establishes cohabitation is a question of fact reserved for the trial court's determination. A factual determination will be upheld on appeal unless we conclude, after considering all the evidence and all reasonable inferences, that such determination is plainly and palpably wrong. Penn v. Penn, 437 So.2d 1053 (Ala.Civ.App. 1983).
In the instant case conflicting evidence was presented on the issue of cohabitation. The wife testified that the alleged cohabitant has lived in her house for approximately five years, but that he has a separate bedroom, his own bath and den, and shares only kitchen privileges with her. She denied any romantic involvement with the alleged cohabitant and characterized their relationship as that of "landlord-tenant." The alleged cohabitant, the wife's testimony revealed, does not pay rent or other household expenses; however, the wife stated that he performs services such as yardwork, landscaping, and household maintenance. The wife further testified that the alleged cohabitant buys his own groceries.
The husband sought to prove a romantic attachment between the wife and the alleged cohabitant. He testified that he had seen the two holding hands, although he stated that he had not observed them embracing or kissing. On cross-examination the wife admitted that she has gone on camping trips with the alleged cohabitant and has slept in the same tent with him on these trips.
The alleged cohabitant testified (as did the wife) that there was no sexual intimacy between him and the wife. This statement was buttressed by his testimony that he had been impotent and incapable of sexual intercourse since 1978. No medical documentation was provided in support of this testimony; however, neither was there rebuttal. The alleged cohabitant stated that he has "been out with other women" during the time he has lived in the wife's house.
At an ore tenus proceeding a trial court has the benefit of observing a witness's manner and demeanor and thus has a better opportunity to pass upon the credibility and probable biases of those testifying before it. In view of this, the trial court's resolution of any controverted facts in favor of the husband here must be upheld on appeal absent a showing of plain and palpable abuse. Taylor v. Taylor, 550 So.2d 996 (Ala.Civ.App. 1989).
The trial court concluded, after observing the witnesses and hearing the testimony presented on behalf of both parties, that the wife had cohabited with a member of the opposite sex. Based on the testimony that the wife and the alleged cohabitant had lived together for approximately five years (and there being no indication that this relationship will discontinue), we find that the standard for "some permanency of relationship" was sufficiently established by the evidence before the trial court.
Direct evidence of instances of sexual activity between consenting adults is seldom available, unless the parties admit to such activity. However, sexual activity can be inferred from a chain of circumstances. Penn, 437 So.2d 1053. Further, proof of inability to perform sexual intercourse does not, alone, preclude a determination of "living openly or cohabiting," although it is a factor that may be considered by the court in making such determination. Ethridge v. Ethridge, 379 So.2d 87
(Ala.Civ.App. 1979). We find that circumstances *Page 987 
in the instant case permitted the trial court to infer that the wife and the alleged cohabitant had engaged in more than occasional sexual activity.
In view of the foregoing, and in light of our limited standard of review, we hold that the trial court could have reasonably inferred from all the evidence before it that the factors indicating cohabitation were present in this case. Therefore, the trial court's judgment is due to be affirmed.
The wife's request for an attorney's fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.