The parties were divorced in August 1992. The wife was awarded $7,000 in alimony in gross, to be paid within 60 days; furnishings, to be transferred to her within 14 days; $3,000 in attorney's fees, to be paid within 60 days; and one-half of the parties' 1991 state and federal income tax refunds.
The husband appealed the judgment to this court. We affirmed the trial court's order on March 19, 1993. Figures v. Figures,624 So.2d 188 (Ala.Civ.App. 1993). He subsequently filed a petition for certiorari with our supreme court, which was denied on July 23, 1993. Simultaneously with the denial, the supreme court entered a certificate of judgment. The husband moved to stay the certificate, pending the filing of a petition for a writ of certiorari in the United States Supreme Court. The motion to stay was *Page 63 
denied on July 30, 1993. He subsequently filed an application with the United States Supreme Court to stay the enforcement of the judgment. His application to stay was denied on August 10, 1993.
The wife filed a motion for contempt in October 1993, alleging that the husband had not complied with the terms of the 1992 decree of divorce. Following a hearing on December 3, 1993, the trial court found the husband to be in civil contempt and ordered him to comply with the provisions of the divorce decree. The husband was ordered to be committed to jail until he could purge himself of contempt. In open court, the trial court denied the husband's request for bond. On the same day that the order was entered, the husband was released by order of a different circuit judge after $11,078 in cash, the amount calculated to be due the wife, was posted on his behalf. The husband appeals.
The husband asserts that the trial court erred in finding him to be in contempt. He insists that his failure to pay is not due to contumacy but to inability to pay.
The determination of whether a party has failed to abide by the terms of a divorce decree and is in contempt of court is a matter committed to the sound discretion of the trial court.Stack v. Stack, 646 So.2d 51 (Ala.Civ.App. 1994). Absent an abuse of discretion, or unless the judgment of the trial court is so unsupported by the evidence as to be plainly and palpably wrong, this court will affirm. Stack. The husband correctly points out that if he can present evidence that his failure to abide by the decree is due to his inability to pay rather than to his contumacy, the burden shifts to the wife to prove beyond a reasonable doubt that he can pay the ordered amount of the judgment. Benbow v. Benbow, 601 So.2d 1012
(Ala.Civ.App. 1992).
The husband testified that subsequent to the entry of the judgment of divorce, but while the case was on appeal, he was the defendant in a federal criminal prosecution. He ultimately was acquitted. He testified, however, that the cost of the prosecution forced him to expend all his liquid assets, despite having received contributions to assist in defraying the expense of the action. He testified that the depletion of his liquid assets, coupled with having to maintain "personal sustenance," made it impossible for him to comply with the monetary terms of the judgment of divorce.
On cross-examination the husband testified that he was still employed by the City of Prichard as a municipal judge and that he earned $590.38 twice a month. He testified that he was in the private practice of law and that for the year 1992 he "probably" made over $40,000, but that he could not "recall" if he had made over $50,000. He guessed that his income for 1993, from the practice of law, was "[p]robably thirty-five to forty thousand dollars."
The question before the trial court was whether the husband had assets from which he could have complied with the previous order. The trial court affirmatively answered the question, finding that the husband "has the financial ability to earn such sums as have been ordered paid but that he has willfully refused to pay." The trial court evidently disbelieved the husband's claim of poverty and had sufficient evidence before it to support a finding of contempt. The filing of the cash bond for release from jail pending appeal refutes the claim of poverty. We find no error.
The husband next asserts that the trial court erred in refusing to set bond.
The record reflects that a different circuit court judge set bond for the husband on the same day that the order of contempt was entered. Whether the trial court rightfully or wrongfully refused to set bond is a moot issue. The bond was allowed and the husband was released. There being no justiciable controversy at issue, we decline to address the husband's assertion. Arrington v. State ex rel. Parsons, 422 So.2d 759
(Ala. 1982).
The husband's last two issues fail to comply with Rule 28, A.R.A.P.
The husband's brief cites general authority relative to the issues raised; however, no specific argument is made, nor is authority cited, to support its application to the facts of this case or to the judgment entered by the trial court. We, therefore, decline to address the remaining issues.McKnight v. Weaver, 634 So.2d 588 (Ala.Civ.App. 1994). *Page 64 
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.