The parties were divorced in August 1990. The husband was ordered to pay periodic alimony to the wife. In August 1991 the husband filed a motion to modify the divorce decree. He requested that the trial court terminate his alimony obligation. He alleged that he had suffered a substantial decrease in income since the original decree was entered and that the wife had become self-supporting. He alternatively alleged that the wife was cohabiting with a member of the opposite sex.
Following a hearing on the motion, the trial court refused to modify or terminate the husband's alimony obligation. The husband appeals.
Initially, the husband asserts that the trial court erred in refusing to terminate his alimony obligation based on the wife's alleged cohabitation with a member of the opposite sex.
Pursuant to § 30-2-55, Code 1975, the trial court may terminate periodic alimony upon petition and proof that the recipient spouse is "living openly or cohabiting with a member of the opposite sex." Cohabitation has been defined as some permanency of relationship, coupled with more than occasional sexual activity between cohabitants. Roe v. Roe, 611 So.2d 380
(Ala.Civ.App. 1992). Factors suggesting permanency of relationship include occupation of the same dwelling and the sharing of household expenses. Kennedy v. Kennedy,598 So.2d 985 (Ala.Civ.App. 1992). Whether cohabitation is established is a question of fact to be determined by the court. We will uphold the determination unless, based upon all of the evidence and reasonable inferences, the determination is plainly and palpably wrong. Kennedy.
In this case the court determined that "from all the evidence introduced at trial, . . . the plaintiff is not cohabiting with a member of the opposite sex as contemplated by Title 30-2-55,Code of Alabama 1975." Based *Page 21 
upon our review of the record, we find no error with the trial court's assessment of the wife's alleged relationship.
Alternatively, the husband asserts that the trial court erred in refusing to terminate the alimony obligation based upon his allegation that the wife was self-supporting.
The amounts of periodic alimony awarded and subsequent modifications are matters which rest within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion. Harris v. Harris, 543 So.2d 1203
(Ala.Civ.App. 1989). Termination is not mandated even where a recipient of periodic alimony is determined to be self-supporting.Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App. 1987).
The record reflects that during the parties' 25-year marriage, the wife was not employed. At the time of the hearing she had secured employment. However, there was no evidence presented concerning the wife's income from that employment. The wife did testify that her earnings were not enough to sustain even her frugal lifestyle.
In his petition the husband maintained that due to a decrease in his income, he was unable to meet his alimony obligation without undue hardship. The husband did not offer any evidence to support that assertion at trial, and he does not make that assertion on appeal.
In view of the evidence before us, we are unable to find an abuse of discretion in the denial of the husband's motion to terminate periodic alimony.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
AFFIRMED.
All the Judges concur.
[1] This case was assigned to the author of this opinion on June 27, 1994.