L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1993. The husband was ordered to pay $700 per month in periodic alimony. In 1995 the husband filed a petition to terminate, or to reduce, the periodic alimony. Following a hearing on the petition, the trial court refused to reduce, or to terminate, the husband’s alimony obligation. The husband appeals.
The husband asserts that the trial court erred in refusing to terminate his alimony obligation based on the wife’s alleged cohabitation with a member of the opposite sex.
Pursuant to § 30-2-55, Code 1975, the trial court may terminate periodic alimony upon petition and proof that the recipient spouse is “living openly or cohabiting with a member of the opposite sex.” Cohabitation has been defined as some permanency of relationship, coupled with more than occasional sexual activity between cohabitants. Snipes v. Snipes, 651 So.2d 19 (Ala.Civ.App.1994). Factors suggesting permanency of relationship include the occupation of the same dwelling and the sharing of household expenses. Snipes. Whether cohabitation is established is a question of fact to be determined by the court. We will uphold the determination unless, based upon all of the evidence and reasonable inferences, the determination is plainly and palpably wrong. Snipes.
The record reflects that the wife had been dating Rex Stewart for approximately one year prior to the hearing. She recently bought a mobile home and moved it onto Stewart’s property. Stewart and the wife did not live together. They were “friends” and “dated” each other. There was no evi *1148 dence to suggest that they were sexually intimate. The wife testified that she paid for the trailer and paid all her bills.
Based upon our review of the record, we find no evidence to suggest that the wife and Stewart were involved in a § 30-2-55 relationship. We find no error with the trial court’s refusal to terminate the wife’s periodic alimony.
The husband alternatively asserts that the trial court erred in refusing to reduce his alimony obligation. He insists that a change in circumstances warranted such a reduction.
The amount of periodic alimony awarded and subsequent modifications are matters which rest within the trial, court’s discretion, and its judgment will not be disturbed on appeal absent an abuse of discretion. Snipes.
The record reflects that the parties were married for 42 years. At the time of the divorce, the wife was not employed due to health problems. Since the divorce she has worked part-time. Because of her arthritis she has been unable to be gainfully employed. She was awarded the marital home in the original judgment. At the time of the hearing, she was renting the home and receiving $400 per month in rental income.
The husband testified that his income has not decreased since the original judgment, but his expenses have increased. He listed as ordinary monthly living expenses four credit union loans, Bose radio installment payments, $400 per month as attorney fees, $100 per month in dental expenses, and $150 per month as a loan payment to a friend. He also testified that since the divorce, he has spent $17,000 to build a shop to store his antique car and other tools.
In view of the evidence, we are unable to find an abuse of discretion in the denial of the husband’s petition to reduce his alimony obligation.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.