WRIGHT, Retired Appellate Judge.
The parties were divorced by the Mobile County Circuit Court in 1988. The trial court ordered the husband to pay $1,750 per month periodic alimony. In 1990 the trial court reduced the husband’s alimony obligation to $1,250 per month, entered a judgment in favor of the wife in the amount of $27,150, and ordered the husband to pay $500 per month to reduce the judgment.
On July 10, 1996, the wife filed a motion for rule nisi and for a judgment, alleging that the husband had failed to pay his alimony obligation. The husband answered and moved for the termination of his alimony obligation.
Following oral proceedings, the trial court entered a judgment of $138,944.64 in favor of the wife, found the husband in direct contempt of court, and ordered the husband incarcerated until he “purges” himself of contempt by paying $50,000 to the clerk of the court. The trial court also awarded the wife a $1,500 attorney fee. The husband filed a motion to alter, amend, or vacate the judgment, which the trial court denied.
The husband appeals, contending that the trial court erred in finding him in direct contempt of court and in denying his motion to terminate his alimony obligation.
 The determination of whether a party has failed to abide by the terms of a divorce judgment and is in contempt of court is a matter committed to the sound discretion of the trial court. Figures v. Figures, 646 So.2d 62 (Ala.Civ.App.1994). Absent an abuse of discretion, or unless the judgment of the trial court is- so unsupported by the evidence as to be plainly and palpably wrong, this court will affirm. Id. The husband correctly points out that if he can present evidence that his failure to abide by the judgment is due to. his inability to pay, rather than to his contumacy, the burden shifts to the wife to prove beyond a reasonable doubt that he can pay the ordered amount of the judgment. Figures.
The wife testified tliat the husband has not paid periodic alimony since 1990. She introduced into evidence copies of the husband’s income tax returns. The husband’s income tax returns show that he had sufficient income to pay periodic alimony as ordered. The husband was not present at the proceeding and, therefore, did not testify that he was unable to pay periodic alimony. Consequently, we conclude that the trial court did not abuse its discretion in finding the husband in contempt of court.
The husband also argues that the trial court erred in failing to terminate his alimony obligation because, he says, the wife is self-supporting.
The amount of .periodic alimony awarded and subsequent modifications are matters which rest within the trial court’s discretion and will not be disturbed on appeal absent an abuse of discretion. Snipes v. Snipes, 651 So.2d 19 (Ala.Civ.App.1994). Termination of alimony is not mandated, even where a recipient of periodic alimony is determined to be self-supporting. Id.
The wife testified that she and the husband were married for approximately 23 years and that after the divorce, she became a commercial realtor in order to earn an income. She also testified that she paid for their three children’s college educations and *278 that she told the husband that she needed help to pay the children’s college expenses. On cross-examination, she admitted that she was financially independent of the husband in 1992,1993, and 1994,
■ After years of failing to conform to the court’s orders, and after failing to attend the rule nisi hearing, in our opinion, the husband came before the court with unclean hands and is not deserving of equity. King v. King, 636 So.2d 1249 (Ala.Civ.App.1994). In view of the evidence before us, we are unable to find an abuse of discretion in the trial court’s denial of the husband’s motion to terminate periodic alimony. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.